HERNÁNDEZ *v.* PÉREZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 651.—Resuelto en mayo 19, 1911.

COBRO DE VARIAS DEUDAS CONTRA VARIOS DEMANDADOS—DEUDA MENOR DE QUINIENTOS DOLLARS—JURISDICCIÓN DE LAS CORTES DE DISTRITO.—Cuando en una misma demanda se cobran deudas contra varios demandados sin que exista relación alguna de interés entre ellos, y una de las reclamaciones es menor de quinientos dollars, la corte de distrito carece de jurisdicción para dictar sentencia en cuanto a ese demandado.

PRESCRIPCIÓN—ALEGACIÓN DEL ARTÍCULO DE LA LEY RELATIVA A LA PRESCRIPCIÓN—EXPOSICIÓN DE HECHOS QUE CONSTITUYEN LA PRESCRIPCIÓN.—Cuando los hechos alegados por un demandado constituyen una defensa de prescripción es innecesario expresar el artículo de la ley aplicable a ese caso de prescripción, aunque es mejor práctica hacerlo.

ID.—ACCIÓN PERSONAL EN COBRO DE DEUDA.—La acción personal en cobro de una deuda líquida prescribe a los quince años de acuerdo con las disposiciones del artículo 1865 del Código Civil que son las aplicables y no las del 1868.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Cayetano Coll Cuchí.*

Abogado del apelado: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente es una apelación procedente de la Corte de Distrito de Mayagüez. En pública subasta efectuada en 10 de noviembre de 1909, en pleito seguido por el apelado contra Fernández y Compañía, el márshal de la Corte de Distrito de Mayagüez, vendió un crédito contra dichos deudores, y el apelado, Agustín Hernández Mena, fué el comprador del mismo. La propiedad en litigio así comprada, era

una deuda o deudas, que los demandados y apelantes debían
a la referida mercantil Fernández y Compañía. Esa deuda
o deudas tuvieron su origen en una venta o ventas hechas
por dicha mercantil a los demandados. Fueron cuatro las
defensas alegadas contra la acción. Primera, que la Corte
de Distrito de Mayagüez no tenía jurisdicción, porque cada
una de las sumas debidas por las diferentes demandadas era
menor de quinientos dollars; segunda, que el demandante y
apelado no había probado suficientemente su derecho; ter-
cera, que la acción había prescrito por el hecho de que la
venta o ventas efectuadas por Fernández y Compañía, ha-
bían sido ventas de mercancías.

Con respecto a esta tercera defensa, las demandadas no
citaron el artículo del Código Civil, en que se fundaban; pero
alegaron ante este tribunal, que los hechos demostraban que
la acción había prescrito. La cuarta defensa era de que la
acción había prescrito por el hecho de que las demandadas
estuvieron en condiciones de pagar la deuda a Fernández y
Ca. en 18 de diciembre de 1901.

En la contestación se admite la existencia de las deudas,
con motivo de las cuales el demandante interpuso la demanda.
Hay cinco demandadas, y, en la época en que se entabló la
demanda, cuatro de las mismas, debía respectivamente, su-
mas que pasaban de quinientos dollars. La quinta demanda-
da, o sea Elvira Fernández Blanco, sólo debía, al entablarse
la demanda, la suma de $480.48, y, por tanto, la Corte de
Distrito de Mayagüez, carecía de jurisdicción en cuanto a
ella. Es un hecho curioso en el presente caso, que, a pesar
de que las sumas que se tratan de recobrar parecen ser su-
mas liquidadas, de las cuales las demandadas son respon-
sables individualmente, y no solidariamente, todas ellas fue-
ron unidas en una misma acción, y no se hizo objeción al-
guna por ese motivo. Sin embargo, no hay nada en los au-
tos, que demuestre que existiera dependencia mutua alguna
entre las demandadas, y por esta razón habrá que revocar

la sentencia contra Elvira Fernández Blanco, como ya se ha indicado.

Con respecto a la suficiencia de la prueba, basta decir que se confiesan las deudas en la contestación, y el demandante presentó como prueba el documento de venta expedido a su favor por el márshal; así como una escritura del 18 de diciembre de 1901, en la cual las apelantes respectivamente reconocieron deber á Fernández y Ca. las respectivas sumas mencionadas en dicha escritura. En virtud de las alegaciones y pruebas sometidas, la corte estaba justificada en dictar sentencia contra las demandadas sobre las cuales tenía jurisdicción. En cuanto a la defensa de prescripción por razón de la clase de las mercancías vendidas por Fernández y Ca. a las demandadas y apelantes, estas últimas alegaron que el artículo 1868 del Código Civil limita el período de prescripción a tres años. Sin embargo, no hubo en el juicio prueba alguna del origen de las deudas de los apelantes. La escritura presentada como prueba, demuestra que en cada caso, la suma con motivo de la cual se entabló la demanda, era una suma liquidada. Estamos de acuerdo con las apelantes en que, si los hechos consignados, constituyen una defensa de prescripción, no es necesario hacer referencia al artículo del Código Civil, con arreglo al cual reclamaban las demandadas y apelantes. El artículo 128 del Código de Enjuiciamiento Civil confiere a un demandado el privilegio de invocar la ley de prescripción, citando al hacer referencia a la misma el número del artículo del Código en que se funda. Pero si expone los hechos de la prescripción, no es necesario que cite el artículo, aunque sería mejor práctica citarlo.

En cuanto a la cuarta defensa, o sea la de que la escritura otorgada por las apelantes a favor de Fernández y Ca. llevaba la fecha del 18 de diciembre de 1901, y que, por lo tanto, las acciones habían prescrito, aparece claramente el hecho de que esas acciones son de carácter personal, puesto que las demandadas reconocieron individualmente deber cantidades determinadas y liquidadas. Por consiguiente el artí-

culo del Código Civil aplicable a esas acciones de prescripción, sería el 1865 en vez del 1868. Por lo tanto las acciones no han prescrito, pues el término de la sección anterior es de quince años.

Con respecto a la demandada y apelante, Elvira Fernández Blanco, debe revocarse la sentencia, y confirmarse la misma en cuanto a las demás demandadas.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados, MacLeary, del Toro y Aldrey.