### Körber & Co. Inc., Demandante y Apelante, v. López, Demandado y Apelado.

No. 3048.—*Visto:* Noviembre 30, 1923. *Resuelto:* Abril 21, 1924.

JURISDICCIÓN POR RAZÓN DE LA CUANTÍA.—Cuando por no cumplir el demandado todo lo pactado en la transacción, la reclamación no se extingue y si sólo se reduce su importe, tal reducción después de radicada la demanda no priva a la corte de su jurisdicción por razón de la cuantía.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), ordenando archivo del caso por falta de jurisdicción. *Revocada y devuelto el caso.*

H. F. Besosa, abogado de la apelante; R. G. Pesquera, abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La demandante establece apelación contra una sentencia cuya parte pertinente es como sigue:

"Oida la prueba practicada por las partes, que comparecieron asistidas de sus abogados respectivos, de ella se desprende que la cantidad realmente en controversia importa unos sesenta y cuatro dólares y centavos, y que la reclamación se basa, no en los hechos alegados en la demanda y negados en la contestación, sino en otros ocurridos posteriormente a virtud de una alegada transacción acerca del pago de honorarios de abogado y costas.

"Por tanto, la Corte cree que no tiene jurisdicción por razón de la cuantía, para conocer del caso y dicta sentencia ordenando el archivo de estos autos."

El pleito fué establecido por virtud de varios pagarés cuyo importe total es de más de $10,000, cada uno de los cuales contenía el compromiso expreso de pagar las costas y gastos que se originaren para el cobro del documento. En la súplica de la demanda se pedía que el demandado fuera condenado al pago de costas, desembolsos y honorarios de abogado, así como a pagar el principal con sus intereses legales de acuerdo con los términos y cláusulas de los pagarés que se transcribieron íntegros en la demanda.

La prueba de la demandante tendió a acreditar un convenio para desestimar la demanda al verificarse el pago de una suma estipulada para honorarios de abogado y una cantidad determinada para costas después de prestar una fianza adicional para garantir el importe de la deuda con exclusión de tales costas y honorarios de abogado; que tal garantía fué dada y la obligación así garantizada satisfecha subsiguientemente como también fueron pagados los honorarios de abogado después de hacerse otra rebaja en el importe de los mismos; pero que la suma convenida para costas nunca fué satisfecha.

La prueba de la defensa, por otra parte, tendió a demostrar que el convenio y transacción final en cuanto a honorarios de abogado, a que se llegó en una conversación habida entre los abogados a presencia del demandado, comprendía la partida de costas.

Claramente que la corte inferior no resolvió este punto controvertible que era prácticamente la única cuestión de hecho en litigio (*issue*).

La mera rebaja de la suma en controversia con motivo de un pago parcial hecho después de radicada la demanda no privaba a la corte de su jurisdicción. 15 Corpus Juris, 775.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*