CIPRIANO MANRIQUE, demandante y apelado, *v.* ANTONIO RAMÍREZ GONZÁLEZ, demandado, y la SUCESIÓN DE DOÑA EUGENIA MATUTE, compuesta de JUAN, JOAQUIN y DOLORES JIMÉNEZ MATUTE, demandados y apelantes.

No. 4137.—*Visto:* Abril 5, 1927. *Resuelto:* Julio 26, 1927.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—MOTIVOS DE DESESTIMACIÓN DEL RECURSO—DEFECTOS EN LOS PROCEDIMIENTOS PARA ELEVAR LA CAUSA—OMISIÓN DE NOTIFICAR EL ESCRITO DE APELACIÓN.—Cuando la omisión de notificar el escrito de apelación a una parte interesada en el pleito queda curada por su comparecencia voluntaria en la corte de apelación, no procede desestimar el recurso interpuesto.

2. LIMITACIÓN DE ACCIONES—ESTATUTOS DE LIMITACIÓN—LIMITACIÓN APLICABLE A DETERMINADAS ACCIONES—ACCIONES SOBRE CUENTAS—EN GENERAL—CUEN-

TAS ORIGINADAS POR VENTA DE GÉNEROS DE COMERCIO.—Está prescrita una acción basada en una cuenta corriente originada por la venta de géneros de comercio que se ejercita transcurrido el término fijado por el artículo 1868 del Código Civil Revisado.

3. EVIDENCIA—ADMISIONES—PRUEBA Y EFECTO—EFECTO EN GENERAL—ADMISIONES DE UN CO-DEMANDADO.—Ejercitada acción en cobro del saldo de una cuenta corriente originada en la venta de mercaderías contra varios demandados, la admisión de uno de éstos al efecto de que compró dichas mercaderías y que la deuda no se ha pagado, no puede perjudicar a los otros que aleguen a su favor la prescripción.

4. CUENTAS, ACCIONES SOBRE—CUENTAS CORRIENTES—ACCIONES SOBRE LAS MISMAS—SENTENCIA—EN GENERAL—SENTENCIA CONTRA VARIOS DEMANDADOS HABIENDO ALGUNOS ALEGADO LA PRESCRIPCIÓN.—Dictada sentencia en acción en cobro de dinero contra varios demandados, cuando algunos de éstos han alegado, con éxito, a su favor la prescripción y uno, pudiéndolo hacer, no lo hace, la sentencia dictada contra él debe subsistir.

5. ALEGACIONES—EXCEPCIONES PREVIAS (Demurrer) O EXCEPCIONES (Exceptions) RENUNCIA POR ABANDONO DE LA EXCEPCIÓN PREVIA.—Formuladas, separadamente, excepciones de falta de hechos y de prescripción de la acción, aunque ésta última pueda comprenderse en la de falta de hechos, no cabe considerarla renunciada por el abandono de la primera.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, sin costas. *Confirmada* en cuanto a una parte y *revocada* en cuanto a otras.

*Rafael Arce,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Están pendientes de resolución en este recurso una moción de desestimación y el caso en su fondo.

La moción de desestimación se funda en que el escrito de apelación no fué notificado al demandado Antonio Ramírez, que es una parte interesada en el litigio.

[1] La demanda se entabló por Cipriano Manrique contra el dicho Ramírez y contra la sucesión de su esposa Eugenia Matute, compuesta de sus hijos Juan, Joaquín y Dolores Jiménez Matute y del viudo, en cobro de una deuda contraída por la sociedad de gananciales Ramírez-Matute. La sentencia se dictó contra todos los demandados. La apelación se interpuso por los demandados Juan, Joaquín y Dolores Jiménez Matute, quienes se limitaron a notificar su escrito al demandante Manrique.

No hay duda alguna que Ramírez es una parte interesada con derecho a que se le notifique la apelación y si él hubiera guardado silencio la moción hubiera tenido que ser declarada con lúgar.  Pero Ramírez al ser notificado de la moción de desestimación presentó a esta Corte Suprema un escrito jurado en el que hace historia del caso y termina diciendo:

"Y que con el fin de que la apelación establecida pueda sustanciarse hasta confirmar o revocar dicha sentencia; por el presente libremente y sin ninguna reserva, me doy por notificado en forma legal de la moción de apelación de los Jiménez Matute; y al propio tiempo acepto libremente cualquier perjuicio que pueda ocasionárseme con la revocación o modificación de la indicada sentencia."

Esto cura por completo el defecto de que quiso tomar ventaja el demandante y apelado.

Del tomo 2, pág. 328 de la obra titulada "California Jurisprudence," transcribimos lo que sigue:

"Está bien establecido que una corte de apelaciones puede adquirir jurisdicción sobre una apelación tanto mediante la comparecencia voluntaria de una parte contraria como por la notificación a ésta del escrito de apelación. El requisito de que el escrito de apelación se notifique a la parte contraria se exige para la protección de dicha parte, y la notificación del escrito, al igual que el diligenciamiento de una citación, puede ser renunciada por la parte o su abogado, y queda renunciada por una comparecencia voluntaria." 2. Cal. Jur. 328.

La regla resulta verdaderamente equitativa en este caso en que en realidad de verdad las verdaderas partes contendientes son los apelantes y el demandante-apelado, pues si bien Ramírez es parte interesada y responsable si la sentencia se confirma, su responsabilidad es ilusoria dado su estado de insolvencia demostrado durante el curso del litigio.

Habiendo llegado a la anterior conclusión o sea a la de que no procede desestimar el recurso, estudiaremos los méritos del caso.

[2] La demanda base del pleito se radicó el 8. de septiembre de 1924 y, copiada a la letra en lo pertinente, es como sigue:

"Comparece Cipriano Manrique estableciendo demanda contra Antonio Ramírez y la Sucesión de su esposa Doña Eugenia Matute y como causa de acción alega:

"1º. Que el demandante es vecino de Caguas, casado, mayor de edad y con establecimiento abierto en dicha ciudad de Caguas.

"2º. Que el demandado Antonio Ramírez González es vecino de Caguas, mayor de edad, propietario y estuvo casado con Doña Eugenia Matute hasta el día 17 del mes de marzo del año 1921, en que falleció sin haber otorgado testamento siendo sus parientes más inmediatos, sus hijos, Juan, Joaquín y Dolores Jiménez Matute y el cónyuge superviviente, los cuales han aceptado la herencia.

"3º. Que estando casado Don Antonio Ramírez con Doña Eugenia Matute y allá por el mes de junio de 1920 empezó a tomar mercaderías en el establecimiento del demandante y por este motivo se originó entre ambos una cuenta corriente por mercaderías vendidas y entregadas, cuya cuenta hasta el día primero de marzo de 1921, en que fué liquidada arrojaba un saldo de tres mil cincuenta y siete dollars sesenta y siete centavos ($3,057.67) a favor del demandante. Se acompaña y se hace parte de esta demanda una copia de la cuenta corriente.

"4º. Que fué convenido entre las partes que dicha cantidad devengaría interés al 1% mensual y dichos intereses sobre el saldo mencionado en la alegación anterior hasta el día 31 de agosto de 1924, ascienden a MIL CIENTO NOVENTA Y DOS DOLLARS CUARENTA Y NUEVE CENTAVOS ($1,192.49) cuya cantidad, unida al saldo mencionado en la alegación anterior hace un total de cuatro mil doscientos cincuenta dollars diez y seis centavos ($4,250.16) los cuales no han pagado los demandados en todo ni en parte, a pesar de haber sido requeridos para ello."

La cuenta corriente que se acompaña ocupa doce páginas de la transcripción. Comienza en junio 7, 1920 y termina en marzo 1, 1921.

Los demandados-apelantes excepcionaron la demanda y la corte, resolviendo sus excepciones, dijo:

"Considerada la excepción previa a la demanda de que la acción está prescrita, a tenor del artículo 1868, apartado 4, del Có-

digo Civil, pues en cuanto a la otra excepción de falta de causa de acción, se desistió de ella, y alegándose en la demanda que la cuenta fué liquidada de conformidad entre las partes el 1 de Marzo de 1921, existiendo además un convenio sobre pago de intereses, la acción no ha prescrito y se declara sin lugar dicha excepción previa, visto el caso de *Hernández* v. *Pérez et al,* 17 D.P.R. 612, y se concede a los demandados comparecientes Juan, Joaquín y Dolores Jiménez Matute, el término de diez días para contestar.''

Contestaron los dichos demandados. Dos contestaciones, a las que luego haremos referencia, fueron radicadas como del otro demandado Ramírez. Fué el pleito a juicio y la Corte finalmente dictó sentencia condenando a Ramírez y a los Jiménez Matute a pagar al demandante $4,250.16 con más los intereses al doce por ciento anual desde el 8 de septiembre de 1924, sin costas.

En el alegato de los apelantes Jiménez Matute se señalan seis errores. El primero se refiere a la cuestión de prescripción.

A nuestro juicio tienen razón los apelantes. El origen de la deuda consta de las alegaciones de la demanda y de la cuenta corriente acompañada a la misma, a saber: mercaderías compradas por el matrimonio Ramírez-Matute al comerciante Manrique. La cuenta termina el 1 de marzo de 1921. Si bien figuran partidas posteriores, se refieren a los intereses cargados por Manrique. Sólo está firmada por Manrique. No contiene nota de aceptación alguna o de convenio realizado en relación con la misma por parte de los demandados.

En el hecho cuarto de la demanda se expresa ''que fué convenido entre las partes que dicha cantidad devengaría interés al uno por ciento mensual'' y entonces se procede a calcular los intereses hasta el 31 de agosto de 1924. Parece que la corte de distrito interpretó esta alegación como significando un nuevo convenio celebrado a partir del 1 de marzo de 1921, y ello no aparece que sea así, al menos alegado con la claridad debida. Por el contrario de la cuenta corriente acompañada a la demanda y hecha formar parte

de ella aparece que se venían cargando los mismos intereses con anterioridad.

Todo lo que surge, pues, de la demanda con completa claridad, es que Manrique, comerciante, vendió a Ramírez, casado con doña Eugenia Matute, madre de los demandados Jiménez Matute, mercaderías que el 1º. de marzo de 1921, incluyendo intereses al uno por ciento mensual que se le venía cargando por no pagarse a tiempo, importaban $3,057.67, según liquidación practicada por Manrique, valor al 30 de mayo siguiente.

Siendo ello así, esa suma de $3,057.67 debió ser cobrada por Manrique dentro del plazo de tres años que fija el artículo 1868 del Código Civil Revisado, que en lo pertinente dice:

"Art. 1868.—Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

\*          \*          \*          \*          \*          \*          \*

"4ª. —La de abonar a los poseedores la comida y habitación y a los mercaderes el precio de los géneros vendidos a otros que no lo sean o que siéndolo se dediquen a distinto tráfico.

"El tiempo para la prescripción de las acciones a que se refieren los tres párrafos anteriores se contará desde que dejaron de prestarse los respectivos servicios."

Ese artículo es igual al 1967 del Código Civil Antiguo. Comentándolo Manresa se expresa así:

"Como resulta de la mera comparación de sus términos, se han ampliado en el Código los límites de esta regla de prescripción establecidos en las leyes de la Novísima Recopilación que hemos indicado antes, extendiéndola a todas las ventas realizadas por todos los mercaderes en general, con excepción tan sólo de las hechas a los comerciantes que se dediquen a la misma clase de tráfico, cuya excepción se funda en una razón de conveniencia fácilmente apreciable en beneficio del comercio para facilitar el tráfico y el desenvolvimiento del mismo." 12 Manresa, Comentarios al Código Civil, 864.

Y en relación con él hay una sentencia de la Corte Suprema de España que contiene la siguiente doctrina:

"La cuestión fundamental sobre que versa el presente recurso consiste en resolver si las obligaciones que por compra de géneros al fiado contrajo B en favor de A, cuyos derechos ostentan hoy su viuda e hijos menores, subsisten en la forma que lo fueron o han sido novados por los cuatro documentos privados de 28 de Febrero 1886, 31 de Enero 1888, 1 Mar. 1894 y 16 Abr. 1895.

"El fallo recurrido no infringe los preceptos contenidos en el número 4 del artículo 1967 del Código Civil, en relación con las demás disposiciones de ese Cuerpo legal invocadas en el primer motivo del recurso, porque al estimar la Audiencia la demanda de este pleito por las 2,367 pesetas reclamadas y sus intereses no lo ha hecho en el concepto del importe de géneros comprados al fiado, aunque éste fuera su origen, sino por razón del compromiso especial y concreto contraído en los documentos privados de que se ha hecho mención, con los cuales fueron variadas notoriamente las condiciones de las obligaciones originarias, según revelan sus términos, dejando en poder del deudor las cantidades por éste debidas en concepto de préstamo con intereses y desapareciendo por tal modo aquéllas, a tenor de lo prescrito en el primer caso del art. 1203.'' Scaevola—Jurisprudencia del Código Civil—Anuario 1906, p. 592.

Si Manrique al terminarse la cuenta corriente hubiera novado el contrato, esto es, si al pie de la cuenta corriente pasada hubiera obtenido el reconocimiento del deudor y transformado el saldo en una obligación personal independiente, o hubiera según la práctica general del comercio en tales casos obtenido el otorgamiento a su favor por parte de Ramírez de uno o varios pagarés—práctica que había seguido el propio Manrique anteriormente con el mismo Ramírez, según parece desprenderse de la primera página de la cuenta corriente—, entonces sí se habría colocado en la situación que tuvo en mente la corte de distrito para declarar sin lugar la prescripción, y serían aplicables en favor suyo la sentencia de la Corte Suprema de España que acabamos de citar y la de esta Corte Suprema de Puerto Rico que citó el juez de distrito en la resolución que dejamos transcrita.

No lo hizo y ha perdido su derecho porque su demanda al radicarse el 8 de septiembre de 1924 lo fué después de tres años de haberse vendido las últimas mercaderías.

[3, 4] Sucede algo verdaderamente anormal en este caso con respecto al demandado Ramírez. Aparece primero una contestación firmada por el abogado A. L. López a nombre suyo, allanándose a que se dictara sentencia, y después otra firmada y jurada por el propio Ramírez, en la que consigna que nunca autorizó al abogado López para que lo representara en este caso, que hallándose en estado de insolvencia su intención había sido no hacer nada en el litigio y que obligado por la circunstancia anterior a comparecer admitía que había comprado mercaderías a Manrique antes de marzo, 1921, por un precio convenido y ajustado en $3,051.00; que dicha operación se hizo entre el demandado y Manrique sin intervenir para nada su esposa; que niega que jamás conviniera el pago de intereses al uno por ciento, ni a ningún otro tipo y que dicha deuda no se pagó ni por el demandado ni por su esposa que falleció el 17 de marzo de 1921, porque no tuvieron recursos disponibles.

A nuestro juicio cualquiera que sea la extensión y la fuerza que se dé a las anteriores alegaciones, ellas no pueden perjudicar a los demandados Jiménez Matute que alegaron en favor suyo la prescripción. La sentencia desde luego deberá subsistir en cuanto a Ramírez, ya que él pudiendo alegar en su favor la prescripción no lo hizo. Nada puede impedir a un deudor pagar sus deudas por encima de los preceptos del Código relativos a la prescripción.

[5] La circunstancia de que los demandados Jiménez Matute retiraran su excepción general de falta de hechos suficientes para determinar una causa de acción, no tiene la importancia que le atribuye el apelado Manrique. Los dichos demandados habían formulado separadamente las excepciones de falta de hechos y la de prescripción y aunque ésta en su última esencia pueda comprenderse en la primera, no cabe considerarla renunciada por el abandono de la primera. Ellos lo que hicieron fué abandonar lo general e indeterminado para circunscribirse a lo especial y concreto.

Habiendo llegado a las anteriores conclusiones, no es ne-

cesario estudiar y resolver los otros errores señalados.   De la demanda surge que la acción está prescrita en cuanto a los demandados que alegaron su derecho y por tanto en cuanto a ellos *debe revocarse la sentencia apelada.*