Horace Waters & Co., demandante y apelada, *v.* Pilar Claboguera, José Portilla y Gregorio Dimas, demandados y apelantes.

No. 5478.—*Sometido:* Mayo 22, 1931. *Resuelto:* Diciembre 18, 1931.

*Juan Valdejulli,* abogado de los apelantes; *Besosa & Besosa,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En junio 7, 1927, la Horace Waters Co., una corporación del estado de Nueva York que hace negocios en Puerto Rico, entabló demanda en la Corte de Distrito de San Juan contra Pilar Claboguera, José Portilla y Gregorio Dimas en reclamación de $664.75, alegando, en resumen que en pleito seguido contra la demandada Claboguera en reclamación de bienes muebles obtuvo sentencia condenando a la demandada a entregarle cierto autopiano, un taburete y cubierta, y a pagarle los daños y desperfectos que se hubieren causado a los bienes a la fecha de la entrega, con más las costas y gastos del pleito que se fijaron finalmente en $264.75; que la demandada entregó la pianola y el taburete y se libró ejecución para satisfacer las costas que no pudieron cobrarse por carecer de bienes la demandada; que los demandados Dimas y Portilla prestaron en el pleito sobre reclamación de bienes muebles una fianza que se transcribe íntegra, y que, copiada en lo pertinente dice:

"POR CUANTO, la demandante en este caso, Horace Waters & Co. ha presentado ante esta Corte una fianza por la cantidad de $1,550.00 para responder de daños y perjuicios que puedan irrogarse a la demandada en este caso.

"POR CUANTO, en virtud de dicha fianza el Márshal, Eduardo Urrutia, de la Corte de Distrito del Segundo Distrito de San Juan, ocupó y sacó del poder de la demandada Pilar Claboguera un piano-pianola y un taburete y cubierta del mismo y lo retiene en su poder, de acuerdo con el Artículo 173 del Código de Enjuiciamiento Civil.

\*　　\*　　\*　　\*　　\*　　\*　　\*

"POR TANTO, nosotros, José Portilla y Gregorio Dimas, nos ofrecemos, como fiadores de la demandada Pilar Claboguera y libre y voluntariamente nos comprometemos por la presente fianza a favor de la demandante Horace Waters & Co., respondiendo a ella por la suma de $1,550.00 o sea el doble de la cantidad consignada en la demanda jurada del demandante, como valor de los bienes y esta fianza responderá de los daños y perjuicios que puedan irrogarse a dicha demandante Horace Waters & Co., en el caso de resolverse en definitiva que dicho piano-pianola sea llevado y se ordene entrega del mismo a la demandante.";

que a virtud de la fianza la demandada Claboguera fué puesta otra vez en posesión de los bienes; que al ocuparse esos bienes en ejecución de la sentencia se encontraban en muy mal estado ascendiendo la depreciación a $400, y que ni la demandada Claboguera ni sus fiadores los demandados Portilla y Dimas han satisfecho las dichas cantidades de $264.75 y $400 que forman el total de $664.75 reclamado en la demanda.

El demandado Portilla, por su abogado, y los demandados Claboguera y Dimas por el suyo, adujeron contra la demanda las excepciones previas de falta de jurisdicción y de hechos, que fueron declaradas sin lugar. Contestaron entonces. Fué el pleito a juicio practicando prueba la demandante. La corte dictó sentencia condenando a los demandados al pago de $400 por concepto de daños y perjuicios. No conformes, apelaron para ante este tribunal señalando en su alegato dos errores que en realidad suscitan una sola cuestión: la falta

de jurisdicción de la corte de distrito para conocer del litigio originalmente, por razón de la cuantía envuelta en el mismo.

La demanda se entabló, como hemos dicho, originalmente en la corte de distrito, y la suma reclamada excede de $500. La jurisdicción de la corte era aparente. Pero los apelantes sostienen que dados los términos de la fianza, los demandados Portilla y Dimas sólo se obligaron a satisfacer daños de la naturaleza de los comprendidos en la partida de $400, siendo por lo tanto la verdadera cuantía de la reclamación inferior a $500, y correspondiendo en tal virtud la jurisdicción orignal a la corte municipal y no a la de distrito. Invocan los apelantes en su favor la propia sentencia dictada, y el siguiente párrafo de la opinión en que se funda, a saber:

"La fianza prestada por los codemandados Portilla y Dimas no es una fianza simple o indefinida, sino que es específica y responde sólo de los daños y perjuicios que puedan irrogarse en el caso de resolverse la entrega de los bienes a favor de la demandante, que es lo que ha ocurrido en este caso. Si la fianza fuera simple o indefinida, entonces comprendería no sólo la obligación principal, sino todos los accesorios, incluso los gastos del juicio.''

A nuestro juicio no tienen razón los apelantes. En primer lugar la demanda se dirigió contra el principal obligado y los fiadores, y no creemos que pueda existir la más leve duda de que el principal era responsable de la totalidad de la suma reclamada. Pero prescindiendo de ello y limitándonos al caso de los fiadores, aún así hay que concluir que siendo por lo menos debatible seriamente la cuestión de si su responsabilidad se extendía también a los gastos y costas que se vió obligada la demandante a satisfacer en el pleito en que se prestó la fianza, pudo este nuevo pleito iniciarse como se inició en la corte de distrito.

Conocemos la fianza. Los fiadores se obligaron a responder "de los daños y perjuicios que puedan irrogarse a a la dicha demandante . . . en el caso de resolverse en definitiva que dicho piano-pianola sea llevado y se ordene en-

trega del mismo a la demandante.'' No vamos a decidir si los fiadores demandados debieron o no ser condenados al pago de la cantidad reclamada y ordenada satisfacer por gastos y costas en el pleito en que se prestó la fianza, ya que la demandante no apeló de la sentencia que resolvió la cuestión en la negativa, pero sí diremos que dados los términos generales de la fianza y lo dispuesto en el artículo 175 del Código de Enjuiciamiento Civil, debe por lo menos concluirse que el demandante pudo, de buena fe, creer que tenía derecho a la reclamación y someterla a la decisión de la corte. Y en tal caso, aunque la corte resolviera finalmente en su contra, ello no implicaría falta de jurisdicción para conocer del litigio por razón de la cuantía.

Resumiendo la jurisprudencia sobre la materia dice Corpus Juris:

''Al determinar la jurisdicción gobierna la suma reclamada en la demanda, siendo la regla a este respecto que la jurisdicción queda fijada por la cuantía por la cual se podría dictar sentencia sobre los hechos alegados vistos desde el ángulo más favorable al demandante. Si esta suma es tal que hace que el caso caiga dentro de la jurisdicción de la corte, tal jurisdicción no es destruída por el hecho de que la suma realmente obtenida sea menor que la cuantía jurisdiccional; a menos que se desprenda que la suma originalmente reclamada era ficticia o fraudulenta, o a menos que el estatuto exija la desestimación del recurso bajo tales circunstancias.'' 15 C. J. 755.

Véanse también los casos de *Turner* v. *Concejo Municipal*, 24 D.P.R. 594 y *Korber & Co.* v. *López*, 33 D.P.R. 30. El caso de *Delgado* v. *Trujillo*, 24 D.P.R. 480 que invoca el apelante, y los de *Hernández* v. *Pérez*, et al., 17 D.P.R. 610 y *González* v. *Rosado*, 23 D.P.R. 1, presentan situaciones diferentes.

Si claramente pudiera concluirse que la partida sobre gastos y costas se había incluído de mala fe o con el único propósito de dar jurisdicción a la corte de distrito, tendrían razón los apelantes, pero ése no es aquí el caso. La reclamación de la demandante pudo sostenerse de buena fe.

Quizá debió prosperar en su totalidad y no solamente en parte.

Resuelta la única cuestión envuelta en el recurso en contra de los apelantes, *la apelación debe ser declarada sin lugar y confirmada la sentencia recurrida.*