RAFAELA BLANCHERO, demandante y apelada, *v.* MIGUEL ROSADO, finado, hoy su SUCESIÓN, compuesta de su Viuda EUSEBIA BAYRON y de su única heredera MARÍA C. ROSADO, demandada y apelada.

No. 5525.—*Sometido:* Febrero 2, 1932.   *Resuelto:* Febrero 15, 1932.

*A. Arroyo,* abogado de la apelante; *E. H. F. Dottin,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Rafaela Blanchero, viuda de Lebrón demandó en la Corte Municipal de San Juan, Sección 1ª, a Miguel Rosado. Alegó haberle subarrendado una parte de un solar que tiene arrendado, por el canon de dos dólares mensuales, y que el demandado le debía veinte y dos cánones o sea $44. Solicitó sentencia en la siguiente forma:

". . . suplica que en su día y previo los trámites de ley declare con lugar esta demanda y en su virtud condene al demandado a pagar a la demandante la suma de $44.00 adeudada hasta el día 30 de enero de 1929, las demás mensualidades que se venzan a razón de $2.00 mensuales desde esa fecha y hasta que sea totalmente solventada la deuda y condene además al demandado a pagar las costas y gastos de este procedimiento."

Contestó el demandado aceptando que debía los $44 de cánones que la demandante le reclamaba, pero alegó que por haberle la demandante cerrado el paso al pedazo de solar que le había arrendado le ocasionó perjuicios por valor de $304 y en su consecuencia pidió sentencia a su favor por $260.

Fué el pleito a juicio y la corte municipal lo falló declarando la demanda con lugar, y sin lugar la reconvención. Apeló el demandado para ante la corte del distrito. En el juicio la parte demandante no presentó prueba. Descansó

en la admisión del demandado. Este, para probar su reconvención, presentó su propia declaración y las de Antonio Vélez Medina, Justo Hernández y Dionisio Negrón.

El demandado refirió que con motivo de un tubo que colocó la demandante se originó un disgusto y ella le cerró el paso por lo cual los inquilinos que habitaban su casa se fueron, permaneciendo el paso cerrado diez y nueve meses perdiendo de alquileres $304. Vélez Medina dijo que conocía la casa que el demandado edificó en el patio de la demandante; también la salida de esa casa por el costado de la de la demandante a la calle de Cerra, que fué cerrada desde marzo de 1927 hasta noviembre de 1928; que había inquilinos en la casa del demandado en marzo de 1927, que no sabe cuánto pagaban y que la casa no se alquiló hasta noviembre, 1928. Es carpintero del demandado. Hernández dijo que fué con el demandado a ver su casa porque se le habían mudado los inquilinos por haberle tapado la salida, allá por marzo de 1927, permaneciendo cerrada hasta noviembre, no dice el año. Negrón manifestó que por abril de 1928 fué a alquilar la casa y no lo hizo porque no tenía salida. La parte demandante repreguntó ampliamente a los testigos del contrademandante, pero no presentó prueba alguna para contradecir sus testimonios.

Sometido el caso al juez de distrito, lo falló en igual sentido que la corte municipal, esto es, declarando la demanda con lugar y sin lugar la reconvención. Se expresó así:

"El día 21 de febrero comparecieron las partes para ser oídas en el juicio *de novo,* toda vez que este pleito procede en apelación de la Corte Municipal de San Juan, Sección Primera. Comparecieron las partes por sus abogados, practicaron una extensa prueba, y de ella resulta que la Corte considera probadas las alegaciones todas de la demanda, sin que le satisfaga la prueba que el demandado aduce para sostener sus alegaciones de defensa como contrademanda. Cree la Corte que la demandante ha probado que dió en subarrendamiento al demandado una parcela de terreno por el cambio de $2.00 mensuales, y que este demandado le adeuda los cánones correspondientes, desde el día 30 de marzo hasta la fecha, a razón de $2.00

mensuales. No cree en forma alguna la Corte, que la demandante haya cerrado o impedido al demandado el paso a la finca que tiene construída en el solar subarrendado por la demandante, ni que de existir tal cierre o interrupción al paso, éste haya necesitado 22 meses para destruir tal estorbo. La prueba, a nuestro juicio, es bastante clara y, en su consecuencia, dicta sentencia la Corte, condenando al demandado a pagar a la demandante la cantidad de $44.00 que reclama como cánones de arrendamiento correspondientes desde el día 30 de marzo de 1927 hasta el 30 de enero de 1929, y los demás que se hayan devengado hasta que sea totalmente satisfecha esta sentencia, más las costas y gastos de este procedimiento; asimismo la Corte declara sin lugar la reconvención que alega el demandado, y ordena y decreta que una vez firme esta sentencia, se remita copia certificada de la misma a la Corte Municipal de San Juan, Sección Primera, para su cumplimiento.''

El demandado apeló entonces para ante esta Corte Suprema. En su alegato señala la comisión de dos errores que analizaremos una vez que dispongamos de una cuestión de jurisdicción que levanta la parte apelada en su alegato, a saber: que solicitándose por el demandado una sentencia de sólo $260 no obstante reclamar $304 por daños y perjuicios, debe entenderse que la cuantía es inferior a $300 y por tanto que no existe apelación para ante este Tribunal Supremo.

No estamos conformes. Si se acepta la contrademanda a los efectos de fijar la cuantía envuelta en el litigio, entonces hay que reconocer que aunque el demandado y contrademandante admitiera que debía $44 y por ello pidiera sólo un fallo por $260, es lo cierto que alegó $304 como los verdaderos perjuicios que se le habían causado. Véase el caso de *Horace Waters Co.* v. *Portilla,* 42 D.P.R. 950.

El primero de los errores que levanta el apelante lo titula de jurisdicción. Sostiene que reclamándose en la demanda no sólo $44 por los cánones vencidos sino el pago de los cánones que se venzan hasta que se ejecute la sentencia firme que pueda algún día llegar a obtener la demandante, si dichos cánones llegaran a pasar de $100, dado el procedimiento escogido para reclamar por la propia demandante,

o sea la Ley No. 10 de 1921 estableciendo juicios especiales en las cortes municipales de Puerto Rico y para otros fines, carecería de jurisdicción la corte de distrito.

En primer lugar la parte demandada contrademandante y apelante está impedida de invocar la dicha Ley No. 10 de 1921, porque al establecer su contrademanda reclamando $304 por daños y perjuicios, ella misma sacó el pleito del círculo estrecho del procedimiento que fija la repetida Ley No. 10 de 1921 y lo colocó en el más amplio de los juicios ordinarios que se tramitan ante las cortes municipales cuya cuantía se extiende hasta $500.

En el caso de *Modesto Rosa* v. *La Corte de Distrito de San Juan*, 38 D.P.R. 597, decidió esta corte que "cuando por virtud de una contrademanda—en acción de acuerdo con la Ley No. 10 de 1921 (pág. 113)—se reclama una cantidad superior a $100, el caso queda fuera de la especialidad de dicha ley y no es necesario que los autos originales de la corte municipal se radiquen en el tribunal dentro de cinco días de interpuesta la apelación contra la sentencia."

Creemos que no es posible reclamar como se reclamó en este caso las rentas que pudieran vencerse después de entablada la demanda y aun de dictada sentencia favorable al demandante y por tanto que no pudo dictarse una sentencia válida en tal sentido, pero a nuestro juicio no se trata de una cuestión de jurisdicción.

En la demanda se alegan simplemente los hechos que demuestran la deuda de $44 reclamada. Es en la súplica que se pide la sentencia en la forma a que acabamos de referirnos. Impugnada la súplica, la sentencia pudo y debió dictarse concediendo sólo los $44. No se hizo así. La corte fué más lejos de lo que debía, pero su sentencia puede ser modificada por esta corte hasta reducirla a sus propios límites.

El otro error señalado levanta una cuestión muy interesante. Se sostiene por él que la corte de distrito proce-

dió con parcialidad manifiesta al apreciar la prueba del contrademandante. Dice el alegato:

"El demandante no presentó prueba alguna ni para contradecir la *res litis*, ni siquiera para impugnar la veracidad de los testigos. No hubo prueba de que alguno de los testigos hubiera sido previamente condenado por perjurio. Tampoco dice el juez en su opinión que los testigos, en la silla testifical se produjeran en forma dubitativa, ya por sus ademanes o gestos en la expresión facial, mientras declaraban que les llegara a convencer de que no estaban diciendo la verdad."

Seguidamente pregunta:

"¿Puede un juez caprichosamente dejar de creer a dos o más testigos sin que se contradigan en sus testimonios, y sin que su reputación en cuanto a su veracidad haya sido tachada por la parte contraria, y sin que la materia objeto del interrogatorio sea necesariamente increíble?"

Y contesta en la negativa basándose en las siguientes autoridades:

" 'Cuando un testigo desinteresado, que no ha sido en forma alguna desacreditado por otra prueba, testifica respecto de un hecho que está dentro del conocimiento de dicho testigo, cuyo testimonio no es en sí mismo improbable o increíble o en conflicto con alguna otra prueba, ese testigo debe ser creído y los hechos así testificados deben ser tomados como legalmente establecidos. Y que además, cuando no existe más que una pura sospecha de falsedad, el jurado no está autorizado para descartar el testimonio de ese testigo, y tal evidencia justificaría a una corte a instruir al jurado que traiga un veredicto conforme al testimonio de ese testigo.' Skillern v. Baker, (Ark.), 100 S. W. 764; 12 Ann. Cas. 243 & note; St. Louis etc. R. Co. v. Ramsey, (Ark.), 131 S. W. 44; Ann. Cas. 1912B, 383; In re Miller, (Ore.), 90 Pac. 1002; 14 Ann. Cas. 277; Brown v. Petersen, (District of Columbia), 25 App. Cas. (D.C.) 359; 4 Ann. Cas. 980 & note; 10 R.C.L. 1006, par. 194."

Opinamos que un juez no está obligado a creer el testimonio de uno o más testigos siempre que las circunstancias concurrentes lo obliguen en conciencia a llegar a esa conclu-

sión. Por supuesto, que no puede actuar caprichosamente. Hemos dicho a conciencia.

No hay duda alguna que hubiéramos quedado más satisfechos en este caso si el juez de distrito hubiera sido más explícito en su opinión. Pero no puede sostenerse que dejara de expresar en absoluto el porqué de su conclusión. Es cierto que la demandante no contradijo el testimonio positivo de los testigos del demandado. Se limitó a contrainterrogar. Con su actitud se expuso a perder su caso. Quizá la línea de conducta que adoptara se debiera a la impresión que a ella misma le produjeran los testigos y a su confianza en el juzgador. Bajo esas circunstancias, aunque con algunas dudas, no nos sentimos inclinados a revocar la sentencia.

En tal virtud y de acuerdo con lo que anteriormente expresamos, debe dicha sentencia modificarse en el sentido de eliminar de ella las palabras: "los demás cánones de alquiler que se venzan a razón de dos dólares mensuales desde enero 30 de 1929, hasta que sea totalmente solventada la deuda", *y así modificada, confirmarse.*