ALEJO MÉNDEZ, demandante y apelante, *v.* CASINO "HIJOS DE BORINQUEN, INC.," demandado y apelado.

No. 3816.—*Visto:* Marzo 19, 1926. *Resuelto:* Marzo 31, 1926.

1. CORTES—CORTES DE JURISDICCIÓN ORIGINAL GENERAL — FUNDAMENTOS DE LA JURISDICCIÓN EN GENERAL—JURISDICCIÓN POR RAZÓN DE LA CUANTÍA ENVUELTA—LO QUE LA DETERMINA EN GENERAL.—Generalmente, lo que determina la jurisdicción por la cuantía envuelta es la suma reclamada en la demanda o la cantidad por la cual, en el aspecto más favorable para el demandante, puede dictarse sentencia sobre los hechos expuestos en la demanda.

2. CORTES—CORTES DE JURISDICCIÓN ORIGINAL GENERAL — FUNDAMENTOS DE LA JURISDICCIÓN EN GENERAL—JURISDICCIÓN POR RAZÓN DE LA CUANTÍA ENVUELTA—HONORARIOS DE ABOGADO COMO PARTE DE LA CUANTÍA EN CONTROVERSIA—CONVENIO RESPECTO AL PAGO DE HONORARIOS SIN FIJARSE SU CUANTÍA.—Un demandado que convino pagar honorarios de abogado sin fijar la cuantía, no viene obligado por un contrato habido respecto a honorarios entre el demandante y su abogado a pagar más del valor razonable de los servicios realmente prestados o que se han de prestar.

3. CORTES—CORTES DE JURISDICCIÓN ORIGINAL GENERAL — FUNDAMENTOS DE LA JURISDICCIÓN EN GENERAL—JURISDICCIÓN POR RAZÓN DE LA CUANTÍA—HONORARIOS DE ABOGADO COMO PARTE DE LA CUANTÍA EN CONTROVERSIA — SUMA AGREGADA AL PRINCIPAL EN EXCESO DEL VALOR RAZONABLE DE AQUÉLLOS Y EFECTO.—Cuando al cobrarse una obligación en que se convino el pago de honorarios el demandante agrega al principal una suma como honorarios,

convenida entre él y su abogado en exceso del valor razonable de los mismos, la corte tiene derecho a no aceptar la cantidad total reclamada como concluyente respecto a la cuestión de jurisdicción.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar excepción previa de falta de causa de acción en pleito sobre cobro de dinero, sin costas.   *Confirmada.*

*Bolívar Pagán,* abogado del apelante; *Gonzalo Ardín,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En este caso la demanda contiene las siguientes alegaciones y súplica:

''*Tercero:* Que el día primero de febrero de 1924 dicho demandante entregó a dicha demandada la cantidad de trescientos cincuenta dollars, en concepto de préstamo, comprometiéndose dicha demandada en devolverle dicha cantidad al demandante dentro de un plazo de cuatro meses, a contar de la fecha arriba indicada; comprometiéndose también dicha demandada en pagarle a dicho demandante los gastos y costas y honorarios de abogados en caso que para el pago de la referida cantidad fuere necesaria una reclamación judicial; comprometiéndose además dicha demandada a pagarle a dicho demandante intereses al tres por ciento anual en caso de demora.

''*Cuarto:* Que el plazo para el pago según queda arriba indicado ha expirado con exceso, y dicha demandada no ha pagado en todo ni en parte la cantidad arriba expresada, ni los intereses, a pesar de repetidos requerimientos de pago hechos a dicha demandada por el demandante.

''*Quinto:* Que dicho demandante ha contratado los servicios profesionales del abogado que suscribe para la presente reclamación judicial por la cantidad de doscientos dollars, y ha hecho gastos adicionales en gestión del cobro de la mencionada cantidad ascendentes a veinticinco dollars.

''Por estas razones: dicho demandante solicita respetuosamente a esta Hon. Corte que se sirva dictar sentencia declarando con lugar la presente demanda, condenando a dicha demandada a pagar a dicho demandante la cantidad de quinientos ochenta dollars con veinticinco centavos, o sea el capital arriba expresado, con gastos, costas y honorarios de abogados.''

La corte inferior declaró con lugar la excepción previa

a la demanda por falta de jurisdicción y desestimó la demanda por virtud de la teoría de que la cuantía envuelta no excedía de $500.

[1] Convenimos enteramente con el apelante en que generalmente lo que determina la jurisdicción por la cuantía envuelta es la suma reclamada en la demanda o "la cantidad por la cual, en el aspecto más favorable para el demandante, podía dictarse sentencia sobre los hechos expuestos." 15 C.J. 753. También puede admitirse que con el fin de determinar la cuestión de jurisdicción en un caso como éste debe agregarse al principal que se reclama como debida una cantidad razonable como honorarios de abogado. 7 R.C.L. 1054; Código Civil, artículo 1086.

Pero el demandante no alega el valor razonable de los servicios profesionales en cuestión.

[2, 3] Un abogado, por supuesto, puede fijar por adelantado los términos por virtud de los cuales él estará conforme en asumir la representación de un caso. El cliente está en libertad de pagar por dichos servicios, si así lo resuelve, una cantidad que esté fuera de toda proporción a la cuantía envuelta en la reclamación. Pero un demandado que se ha obligado a pagar todas las costas, desembolsos y honorarios de abogado además de la obligación principal por él asumida sin fijar la cuantía de tales honorarios de abogado, no es una parte en el contrato habido entre el demandante y su abogado y no está obligado por virtud del mismo a pagar más del valor razonable de los servicios realmente prestados o que han de prestarse. De aquí se infiere que cualquier suma convenida de tal modo en exceso de dicho valor razonable no puede ser tenida en cuenta al fijar la cuantía jurisdiccional y debe considerarse como que ha sido alegada únicamente con el objeto de traer aparentemente el caso dentro de la jurisdicción de la corte. En tales circunstancias la corte tiene el derecho a protegerse a sí misma y al demandado rehusando aceptar la cantidad total

así reclamada como concluyente respecto a la cuestión de jurisdicción.

Dando a este demandante el beneficio de toda duda razonable, estamos persuadidos de que la mitad de la suma especificada como honorarios de abogado sería un cálculo muy liberal de lo que podría recobrarse por virtud de un *quantum meruit*.

*La sentencia apelada debe ser confirmada.*