PETER J. HAMILTON, demandante y apelado, v. MARÍA F. BOERMAN, administradora judicial de los bienes relictos de CHARLES M. BOERMAN, demandada y apelante.

No. 3867.—*Visto:* Mayo 7, 1926. *Resuelto:* Junio 3, 1926.

1. CORTES—CORTES DE JURISDICCIÓN ORIGINAL GENERAL—FUNDAMENTOS DE LA JURISDICCIÓN—JURISDICCIÓN POR LA CUANTÍA ENVUELTA—EN GENERAL.—Una corte de distrito no actúa sin jurisdicción por razón de la cuantía en acción en cobro de honorarios en que se alega que el valor de los servicios reclamados es el de $1,000, por el hecho de que esos servicios se apreciaran por los propios testigos del demandante entre $300 y $500 y 'éste reclamara antes del pleito $300.

2. EVIDENCIA—EVIDENCIA DE OPINIÓN—EFECTO DE LA EVIDENCIA DE OPINIÓN—PRUEBA DE PERITOS—PRUEBA DEL VALOR DE SERVICIOS QUE SE RECLAMAN.—Si bien una corte no viene obligada a aceptar las declaraciones de abogados presentadas para apreciar el valor del servicio que se reclama, sin embargo, ellas son prueba competente para ayudarla en la formación de su juicio.

3. ABOGADO Y CLIENTE—COMPENSACIÓN Y GRAVAMEN *(Lien)* DEL ABOGADO—HONORARIOS Y OTRA REMUNERACIÓN—ACCIÓN EN COBRO DE HONORARIOS—APELACIÓN—REVISIÓN DE LA PRUEBA.—Atendida la prueba en éste caso se resolvió ella no demostraba que el demandante había sido previamente compensado por sus servicios.

4. ABOGADO Y CLIENTE—COMPENSACIÓN Y GRAVAMEN *(Lien)* DEL ABOGADO—HONORARIOS Y OTRA REMUNERACIÓN—DERECHO A HONORARIOS—GESTIÓN NO BENEFICIOSA PARA LA PARTE.—El que la gestión del abogado no sea beneficiosa para la parte y los intereses que representa, no excluye la concesión de honorarios.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar la demanda sin costas. *Confirmada.*

*Leopoldo Tormes,* abogado de la apelante; *Henry G. Molina,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre cobro de honorarios. Se reclamaron mil dólares. Se concedieron trescientos cincuenta. Y no conforme la parte demandada apeló, señalando en su alegato la comisión de tres errores.

[1] Por el primero de los errores se sostiene que la corte de distrito actuó sin jurisdicción por razón de la cuantía. El valor de los honorarios depende de muchas circunstancias y es algo difícil de fijar con absoluta certeza. El hecho de que los propios testigos del demandante los aprecia-

ron entre trescientos y quinientos dólares, no es decisivo. Y el de que el propio demandante antes del pleito reclamara sólo trescientos dólares, tampoco. Una persona puede estar dispuesta a recibir gustosamente una suma menor del valor justo de sus servicios, pero si por negarse el deudor se ve obligada a reclamar por la vía judicial, puede exigir el total del valor justo. Y aquí el demandante alegó bajo juramento que sus servicios valían la suma de mil dólares y nada extravagante o manifiestamente improcedente, analizando la prueba de los servicios prestados, podemos ver en su actitud. Los casos de *Hernández Mena v. Blanco,* 22 D.P.R. 773, y otros de esta corte que se citan por el apelante no son, pues, aplicables.

Parece oportuno transcribir lo que sigue que tomamos de un estudio biográfico de Abraham Lincoln como abogado, por William Eleroy Curtis, que aparece en el tomo 5 de la obra ''Great American Lawyers,'' editada por William Draper Lewis. Dice así:

''Fué, sin embargo, la única vez que Lincoln acudió a la vía judicial en reclamación de honorarios, y las circunstancias fueron las siguientes: El Ferrocarril Central de Illinois (Illinois Central Railroad) por su carta constitucional estaba exento de taxación a condición de pagar en la tesorería del estado el siete por ciento de sus ingresos brutos. Los funcionarios del Condado de Mclean sostenían que la legislatura del estado no tenía facultad para eximir o exonerar del pago de contribuciones del condado y establecieron una acción contra la compañía para compelerla al pago. Lincoln defendía a la compañía, ganó el caso y presentó una cuenta de honorarios por dos mil dólares. Un oficial del ferrocarril, cuyo nombre se ha olvidado, rehusó verificar el pago por el fundamento de que era tanto como lo que cobraría un abogado de primer orden. Esto indignó de tal modo a Lincoln que retiró la cuenta original de honorarios, consultó a sus amigos profesionales y sometió luego otra por cinco mil dólares, acompañada de una nota suscrita por seis de los abogados más prominentes del estado en la que hacían constar su opinión de que los honorarios no eran excesivos. Como la compa-

ñía todavía se negaba a pagar, Lincoln demandó y obtuvo sentencia a su favor por el importe total.''

[2] El segundo error guarda relación con las declaraciones de tres abogados que se presentaron para apreciar el valor de los servicios. Claro es que la corte no viene obligada a aceptar la opinión del perito, pero ella es prueba competente para ayudarla en la formación de su juicio.

[3] Se sostiene por el tercer error que la prueba demuestra que el demandante había sido previamente compensado por sus servicios. No estamos conformes. La prueba demuestra que el demandante como abogado defendió los intereses de la demandada en Ponce en ciertos procedimientos seguidos ante un árbitro y ante la corte de distrito insular y reclamó y obtuvo el pago de esos servicios, y demuestra además que los servicios que aquí se reclaman se prestaron en cierto pleito en equidad entablado ante la Corte de Distrito de los Estados Unidos en y para el Distrito de Puerto Rico.

La circunstancia de estar relacionada la cuestión suscitada en la Corte Federal con alguna de las levantadas previamente en la corte de distrito, es para ser considerada como seguramente lo fué por la corte sentenciadora para graduar la cuantía de los honorarios, ya que ella revela que el esfuerzo mental en el estudio previo tenía que ser menor, pero no puede alegarse que todo el esfuerzo estaba hecho. El demandante preparó la demanda en equidad y siguió dirigiendo el caso hasta que se dictó la sentencia.

[4] Y el hecho de que la gestión del demandante como abogado no fuera beneficiosa para la causa de la demandada y de los intereses que ésta representaba, no excluye la concesión de honorarios. Puede ser otra circunstancia a considerar para graduar la cuantía, pero en modo alguno destruye el derecho a reclamar por un servicio prestado de buena fe, lealmente.

*Debe confirmarse la sentencia recurrida.*