Guillermo Olivero, incapaz, representado por su defensor judicial Guadalupe Huelva Vda. de Abréu, sustituída por Adela Orriola, demandante y apelante, *v.* Central Cambalache, demandada y apelada.

Núm. 6809.—*Sometido:* Febrero 16, 1937. *Resuelto:* Febrero 18, 1938.

*E. Martínez Avilés,* abogado del apelante; *Juan B. Soto, Juan F. Soto* y *E. Igaravídez,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En una acción de daños y perjuicios la Corte de Distrito de Arecibo dictó sentencia en favor de la demandada, Central Cambalache. El apelante en su alegato alega la comisión de varios errores relativos a haber dejado la corte de dictar sentencia sobre las alegaciones por ser insuficiente el juramento contenido en la contestación, razón por la cual se admitía la veracidad de los hechos alegados en la demanda; impugna las conclusiones de la corte sobre la forma en que ocurrió el accidente y ataca también la conducta y conclusiones de la corte respecto al estado mental del demandante.

La relación de hechos es insuficiente. El apelante se limita a repetir los hechos aducidos en las alegaciones, menciona el hecho de que la corte se negó a dictar sentencia sobre las alegaciones, dice que se celebró un juicio y que luego la corte dictó sentencia. La regla de la corte, que debe ser seguida, lee así:

"Dentro de diez días después de haberse presentado a este Tribunal la copia de los autos, el Letrado defensor del recurrente presentará al Tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como conste en los autos; así como una exposición de los errores en que funda su recurso, y además de esto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor."

Por tanto, sólo consideraremos brevemente los errores señalados. La cuestión más importante, desde luego, son los hechos relativos a la negligencia.

 La corte inferior dijo:

"Para demostrar que el accidente ocurrió a virtud de la culpa y negligencia del empleado de la demandada, se aportó por el demandante como única evidencia la declaración del testigo Margaro Pérez. Dijo este señor: que el día de la ocurrencia, entre cuatro y cinco de la tarde, vió a Olivero en el puente de la carretera que de Arecibo conduce a San Juan; que el testigo se encontraba cortando yerba y aguardaba en aquel sitio a un sobrinito de él, cuando pasó el demandante y le manifestó que se dirigía al barrio de Jareales; que en eso pasó un camión muy cerca del testigo, él extrañó el cuerpo y el *truck* continuó en marcha por la izquierda de la carretera; que Olivero marchaba por la izquierda como a una yarda de la margen de ese lado y el *truck* que iba ligero lo arrolló con la parte izquierda de la caja, deteniéndose un poco más adelante; que Olivero se puso en pie, sin necesidad de que lo levantaran y, cuando el testigo se acercó al sitio, observó que el demandante presentaba una peladura desde el hombro hacia abajo y la camisa rota; que en esos momentos la carretera del puente estaba expedita; que no oyó aviso de *klaxon* o bocina."

La única prueba aducida por el demandante para sostener su alegación fué en realidad, podríamos decir, el testimonio de Margaro Pérez, según el mismo ha sido expuesto por la corte inferior. El apelante menciona algunas manifestaciones contenidas en el testimonio de otros testigos, pero aun aceptando que en su totalidad tienen el valor que el apelante trata de darles, la corte estuvo justificada al resolver que el apelante no había probado su caso mediante una preponderancia de prueba.

Los testigos de la demandada estuvieron todos contestes en que el *truck* de ésta marchaba por el lado derecho de la carretera y que Olivero, el demandante, caminaba en la misma dirección, pero por el lado izquierdo; que cuando el autocamión se acercó al lugar por donde Olivero caminaba, éste trató de cruzar hacia la derecha de la carretera y mientras lo hacía resbaló y cayó al suelo y fué arrollado por la parte delantera del autocamión, es decir, por el parachoques (*bumper*); que Olivero fué arrollado por la parte central del parachoques, equidistante de ambas ruedas, de suerte que cuando el autocamión fué detenido, Olivero fué hallado debajo del mismo, mas ninguna de las ruedas le había pasado por encima. La corte, conforme hemos dicho, dictó sentencia en favor de la demandada. Esto resuelve los señalamientos décimo, undécimo, duodécimo y décimotercero, que leen como sigue:

"10.—La corte cometió error al resolver que la única evidencia aportada por el demandante para justificar la negligencia de la demandada fué la declaración del testigo Margaro Pérez.

"11.—La corte cometió error al concluir en su opinión que el testigo Miguel Parés se encontraba cortando hierba cuando ocurrió el accidente.

"12.—La corte cometió error al concluir en su relación del caso y opinión que todos los testigos de la demandada estuvieron contestes en declarar que el camión caminaba por la derecha de la carretera mientras Olivero discurría en la misma dirección por la parte izquierda, y que cuando el *truck* llegó cerca de Olivero éste trató de cruzar hacia la derecha, y mientras lo hacía, resbaló cayéndose, y que fué entonces cuando fué arrollado y cogido por el mismo centro del *bumper* del *truck* y al resolver que el demandante no probó que venía padeciendo de incapacidad mental.

"13.—La corte cometió grave y manifiesto error al apreciar la prueba en su conjunto."

El cuarto señalamiento lee:

"4.—La corte cometió error al considerar que la teoría del *res ipsa loquitur* no era aplicable a los accidentes de automóviles, cuando

al serle presentada la cuestión dijo lo siguiente: 'La corte entiende que puede llevar su caso bajo la teoría que crea conveniente, no veo cómo podría ser aplicable a automóviles.' "

La corte, desde luego, estuvo equivocada al decir que la doctrina de *res ipsa loquitur* no podía aplicarse a un automóvil. Podrían citarse muchos casos que demuestran lo contrario. Sin embargo, convenimos con la apelada en que la doctrina de *res ipsa loquitur* depende de los hechos de cada caso, y nada hallamos en los autos del presente que exija la aplicación de esta doctrina. La apelada cita 45 Corpus Juris 1200, párrafo 771.

Los señalamientos primero, segundo y tercero leen así:

"1.—La corte cometió error al decidir que aceptando que el juramento fuera nulo, no podría por ello solicitarse sentencia sobre las alegaciones, y que sí hubiera podido solicitarse la eliminación de la contestación.

"2.—La corte cometió error al resolver lo siguiente: 'Teniendo la corte poder discrecional en todo momento para regular la presentación de alegaciones el hecho de que un juramento sea defectuoso no daría lugar a una sentencia sobre las alegaciones.'

"3.—La corte cometió error al negarse a dictar sentencia sobre las alegaciones."

No discutiremos extensamente el tercer señalamiento en tanto en cuanto éste se refiere a negativas que envuelven afirmativas y cosas similares,. porque el señalamiento de error era de por sí insuficiente, porque estamos más o menos satisfechos con la contestación presentada por la apelada y porque estamos igualmente inclinados a creer que la moción de sentencia sobre las alegaciones a este respecto fué presentada demasiado tarde.

En lo que respecta a los señalamientos primero y segundo, el juramento de la demandada en su contestación leía del modo siguiente:

"Juan B. Soto, después de prestar el debido juramento, declara:

"Que es el abogado de la demandada en este caso, que ha redactado y leído la contestación que precede, y que los hechos que en

la misma se exponen son ciertos y le constan por información y creencia; que presta esta declaración en lugar de la demandada, por residir y tener su oficina el abogado que suscribe en el Distrito de San Juan, y la demandada en el Distrito de Arecibo.

"(Firmado) Juan B. Soto, declarante.

"*Affidavit* Núm. 2130. Jurada y suscrita ante mí, por Juan B. Soto, casado, abogado, mayor de edad y vecino de Hato Rey, término municipal de Río Piedras, a quien conozco personalmente.

"San Juan, P. R., a 10 de abril de 1933.

"(Firmado) Manuel Rivera de la Vega, Notario Público."

La apelada insiste en que ese juramento era suficiente, a tenor del artículo 118 del Código de Enjuiciamiento Civil (edición de 1933), que lee así:

"Toda alegación deberá estar suscrita por la parte o su abogado; y cuando se jure la demanda o El Pueblo de Puerto Rico, o cualquier funcionario de la Isla, en su carácter oficial, sea el demandante, deberá jurarse la contestación, excepto si la admisión de la verdad de lo consignado en la demanda sujeta a la parte a un proceso criminal, o si un funcionario de dicha Isla, en su carácter oficial, fuese el demandado. En todos los casos de alegaciones juradas, la declaración escrita y jurada de la parte deberá afirmar que le consta por propio conocimiento que es cierto lo alegado, excepto en cuanto a las materias que en dicha declaración manifieste conocer por su información o creencia, en cuyo caso expresará que las cree ciertas; y el juramento de las alegaciones se hará por declaración escrita y jurada de la parte, a menos que se hallare ausente del distrito en que residiere su abogado, o por cualquiera otra causa estuviere imposibilitada de verificarlo o cuando los hechos sean conocidos de su abogado, u otra persona que los jurare. Cuando la alegación sea jurada por el abogado o cualquiera otra persona y no por las partes, deberá consignarse en la declaración escrita y jurada, la razón por la cual no lo hace una de las partes. Cuando es parte una corporación, el juramento podrá hacerse por cualquiera de los oficiales de la misma."

Estamos dispuestos a considerar que en ausencia de prueba en contrario se presumirá para los fines de las alegaciones que la parte demandada y todos sus funcionarios residían en Arecibo, donde el pleito fué entablado. De igual modo, luego de haberse declarado sin lugar la moción del

demandante y apelante, éste fué a juicio, no insistió en su moción y puede resolverse que renunció su alegación relativa a la insuficiencia del juramento. Además, nos inclinamos a convenir con la corte o con la apelada en que el procedimiento correcto hubiera sido eliminar la contestación, y la moción de sentencia sobre las alegaciones fué presentada demasiado tarde.

Después de exonerar a la demandada de toda responsabilidad, la corte inferior, no obstante, discutió la prueba respecto a la incapacidad mental del demandante y quedó convencida de que ésta no se había probado suficientemente, y dijo algo al efecto de que la corte no estaba obligada a considerar la prueba a ese respecto. Toda vez que estamos de acuerdo con las conclusiones de la corte inferior en lo que a negligencia se refiere, no hay necesidad alguna de discutir el resto de los errores señalados, todos los cuales se refieren a incapacidad mental.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.