LUCIEN LONGCHAMPS, demandante y apelado, *v.* JULIA FRANCESCHI ANTONGIORGI, demandada y apelante.

Núm. 8040.—*Sometido:* Noviembre 13, 1939. *Resuelto:* Febrero 23, 1940.

*Luis López de Victoria,* abogado de la apelante; *Lucien Longchamps, pro se.*

EL JUEZ ASOCIADO SEÑOR TRAVIESO · emitió la opinión del tribunal.

La demandada Julia Franceschi Antongiorgi ha interpuesto el presente recurso de apelación contra una sentencia de la Corte de Distrito de Ponce que le condena a pagar al

demandante Lucien Longchamps la cantidad de $409.65 por servicios profesionales y le impone el pago de costas sin incluir honorarios de abogado.

La demanda se basa en una cuenta corriente entre el demandante y la demandada que data desde el mes de noviembre de 1934. Según ésta, el importe total de los servicios profesionales prestados asciende a $725, y el de los anticipos para costas y gastos, a $310.60, lo que arrojaría un balance de $414.40 a favor del demandante de no deducir éste de dichos $310.60 dos partidas que totalizan $95.25 que la Corte de Distrito de Ponce reintegró a la demandada en concepto de costas en dos de los pleitos en que el demandante la representó. De modo que la cantidad por la cual se pidió sentencia asciende a $509.65. Para mayor claridad en cuanto al particular, transcribimos aquella parte de la alegación tercera de la demanda en que el demandante hace el cómputo anterior. Dice así:

"Importa el total de los servicios profesionales prestados por el demandante a la demandada, de conformidad con la cuenta corriente antes relacionada: setecientos veinticinco dólares.

"Entre el 30 de octubre de 1934 y el 7 de noviembre de 1936, conforme lo requería el gasto y costas de los distintos servicios antes enumerados, la demandada entregó al demandante diversas cantidades, de tiempo en tiempo y diversas partidas, por un total de trescientos diez dólares sesenta centavos ($310.60). De esta suma la Corte de Distrito de Ponce le reintegró a la demandada, en el valor de costas y gastos aprobados en las causas civiles números 9318 y 9347, enumeradas anteriormente bajo las letras (A) y (C) la suma total de noventa y cinco dólares veinticinco centavos ($95.25), quedando un remanente, por concepto de dichos anticipos, montante a doscientos quince dólares treinta y cinco centavos ($215.35).

"Y deducidos dichos $215.35 de los $725.00 del valor de servicios antes enumerados, queda un balance en dicha cuenta corriente de $509.65 a favor del demandante y en contra de la demandada, cuyo balance es líquido, de plazo vencido y exigible."

Es necesario decir además que con excepción de las partidas (A) y (C) de la cuenta, que se refieren a las causas

civiles núms. 9318 y 9347 (véase alegación tercera, supra) en las que se hacen cargos por servicios profesionales exclusivamente, ascendentes a $125 y $100, respectivamente, las demás partidas incluyen no sólo el valor de los servicios prestados por el abogado demandante a la demandada, si que también el importe de las costas y de los gastos incurridos. Así, en los $725 que como valor total de sus servicios reclama el demandante a la demandada están comprendidos éstos, y además las costas y los gastos habidos en todos los pleitos excepto las incurridas en los que llevan los núms. 9318 y 9347, según antes se ha dicho. Los gastos y costas habidos en dichos dos pleitos, de acuerdo con varios estados demostrativos de anticipos y desembolsos en relación con las distintas partidas enumeradas en la alegación tercera de la demanda, preparados por el propio demandante y elevados a esta corte como parte del legajo de la sentencia por la demandada apelante, totalizan $77.50, de los cuales $49.25 corresponden a la causa núm. 9318 a que se refiere la partida (A) de la cuenta corriente, y $28.25 a la núm. 9347 a que se refiere la partida (C) de dicha cuenta.

El demandante apelado ha radicado tres mociones, que están pendientes de resolución por nosotros, y que son, a saber: primera, una moción sobre corrección de autos; segunda, otra moción para que del legajo de sentencia se decrete la eliminación de dos "Estados demostrativos de anticipos y desembolsos en relación con las distintas partidas enumeradas en la alegación tercera de la demanda" a que ya hemos hecho referencia antes; y tercera, otra sobre desestimación de apelación.

La primera de dichas mociones debe ser declarada con lugar, pues consta en autos un escrito de la parte demandada y apelante allanándose a las pretensiones del demandante apelado y consintiendo en que se tenga por corregido el legajo de la sentencia. En cuanto a la segunda moción, creemos que debe ser declarada sin lugar porque entendemos que los documentos a que la misma se refieren son más que

nada una exposición de hechos complementarios de la demanda, que le fueron notificados a la parte contraria con anterioridad al juicio y finalmente admitidos en evidencia sin objeción de ninguna de las partes. La tercera moción también debe declararse sin lugar porque después del estudio cuidadoso y detenido que hemos hecho para resolverla, hemos llegado a la conclusión de que la corte de distrito de donde este caso procede carecía de jurisdicción para decidirlo por razón de la cuantía, y en vista de ello y teniendo en cuenta que ambas partes han radicado ya sus respectivos alegatos, preferimos resolver el caso en su fondo ahorrándole así tiempo a las partes y a este tribunal.

El único error señalado por la parte apelante dice así:

"La corte inferior erró al no declarar con lugar la excepción de falta de jurisdicción formulada en el acto del juicio por esta demandada y apelante."

Si, como hemos visto antes, la partida de $725 que el apelado cobra incuye no sólo el valor de sus servicios profesionales si que también los gastos y los desembolsos con excepción de los incurridos en los pleitos núms. 9318 y 9347, es natural que la cantidad de $310.60 recibida por el demandante de manos de la demandada en calidad de anticipos para costas y gastos sea aplicada a cuenta de honorarios, que quedaría, por tanto, reducida a $414.40, cantidad ésta que es inferior a la requerida por el estatuto para dar jurisdicción a las cortes de distrito. Pero como quiera que el demandante no hace cargos en las partidas (A) y (C) de la cuenta corriente por costas y desembolsos, es natural también que se le reembolse de aquellos gastos en que incurrió para beneficio de la demandada. De acuerdo con sus propios documentos, esta cantidad asciende a $77.50, descompuesta en dos partidas de $49.25 una y de $28.25 la otra, correspondientes a los pleitos núms. 9318 y 9347 a que las partidas (A) y (C), respectivamente, se refieren. Sumando a los $414.40 la cantidad de

$77.50, arroja un total de $491.90, que también es inferior a la suma requerida por el estatuto para dar jurisdicción a las cortes de distrito.

No vemos en qué forma pueda quedar afectada la liquidación de esta cuenta con la partida de $95.25 que representa un reintegro a la demandada en concepto de costas concedidas a ésta en dos de los pleitos en que estuvo representada por el demandante. Dicha cantidad fué concedida por la Corte de Distrito de Ponce y recibida por la demandada, y no puede ser incluída en la liquidación de esta cuenta corriente.

La suma de $491.90 era la cantidad mayor que el demandante tenía derecho a recibir de la demandada de acuerdo con las alegaciones de la demanda. Y como dicha cantidad es inferior a la de $500, la corte de distrito actuó sin jurisdicción al decidir este caso.

*Debe, por tanto, revocarse la sentencia recurrida.*