Francisco Donato, demandante y apelante, *v.* Nicolás Cruz, demandado y apelado.

Núm. 8311.—*Sometido:* Noviembre 5, 1941. *Resuelto:* Noviembre 25, 1941.

*Francisco González Fagundo,* abogado del apelante; *Faustino R. Aponte,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de una acción reivindicatoria en la que, tanto en la demanda original como en una complementaria, el demandante alegó que "las dos parcelas descritas . . . tienen un valor superior de $500." Los demandados, al contestar ambas demandas, establecieron, entre otras, la defensa especial de que la finca objeto de litigio, tiene un valor inferior a $500 y por tanto que la Corte de Distrito de Humacao carecía de jurisdicción para conocer del caso. Al ser llamado éste para celebrarse el juicio señalado, al discutirse dicha defensa especial, el juez inferior preguntó:

"Entonces, la cuestión de la falta de jurisdicción, ¿las partes la someten con la prueba?

A lo que contestó el abogado del demandante:

"Exacto."

Diciendo entonces el juez:

"La Corte oirá la prueba y vista la prueba, resolverá la cuestión de falta de jurisdicción."

Al efecto, después de presentada la prueba la corte inferior dictó la siguiente sentencia:

"La vista de este caso se llevó a efecto el día 12 de septiembre de 1939. Las partes comparecieron representadas por los Lcdos. F. González Fagundo, F. R. Aponte y Rafael S. Vidal, respectivamente.

"La parte demandada levantó la cuestión de que la corte carecía de jurisdicción porque el valor o precio de la finca envuelta en el litigio no era superior a $500. Esta cuestión de jurisdicción fué sometida al tribunal para ser resuelta después de practicada la prueba. Practicada ésta y examinada, tanto la prueba testifical como documental, arriba la corte a la conclusión de que la finca descrita no tiene un valor superior a $500 careciendo por tanto este tribunal de jurisdicción para conocer del mismo. Por esta sola cuestión y sin prejuzgar los méritos de las demás alegaciones y prueba de las partes, la corte declara sin lugar la demanda, condenando al demandante al pago de costas y a satisfacer a cada uno de los demandados la cantidad de $75 por concepto de honorarios de abogado."

No conforme el demandante apeló y alega que la corte inferior cometió tres errores, a saber, primero, al apreciar la prueba para llegar a la conclusión de que la finca en litigio no vale más de quinientos dólares; segundo, al declarar que no tiene jurisdicción y tercero al condenar al demandante a pagar $75 por concepto de honorarios de abogado a cada uno de los demandados.

En relación con el primer error alegado, hemos leído la transcripción de la evidencia y de ella surge un conflicto entre la prueba del demandante y la de los demandados en cuanto al valor de las dos parcelas reclamadas en la demanda. Se trata de una parcela de cinco cuerdas y otra de ocho cuerdas, en total 13 cuerdas, en las que según la declaración del demandante lo único que se sembraba y cosechaba eran yau-

tías, ñames, batatas, plátanos y guineos (T. de E. 25) y las que fueron adquiridas por el demandado Sanabria por $300. (T. de E. 84). La corte inferior estuvo justificada en dar crédito a la prueba de los demandados y no habiéndose alegado que actuara movida por pasión, prejuicio o parcialidad, el primer error no fué cometido.

▪ ■■ Es a la discusión del segundo error alegado que el apelante dedica la mayor parte de su alegato citando la conocida línea de casos resueltos por esta corte al efecto de que ''generalmente lo que determina la jurisdicción por la cuantía envuelta es la suma reclamada en la demanda o la cantidad por la cual, en el aspecto más favorable para el demandante puede dictarse sentencia sobre los hechos expuestos en la demanda.'' Véanse, entre otros, *Turner* v. *Concejo Municipal de San Juan,* 24 D.P.R. 594; *Körber & Co.* v. *López,* 33 D.P.R. 30; *Méndez* v. *Casino Hijos de Borinquen,* 35 D.P.R. 270; *Hamilton* v. *Boerman,* 35 D.P.R. 542; *Nazario* v. *Muñiz,* 54 D.P.R. 54.

La doctrina expuesta en dichos casos no es aplicable al de autos. El demandante, al solicitar la reivindicación de las dos parcelas de terreno de trece cuerdas, alegó que valían más de $500. Ambos demandados, al contestar la demanda original y la complementaria, alegaron como defensa especial que la corte inferior carecía de jurisdicción por razón de la cuantía ya que dichas parcelas valían menos de la suma jurisdiccional. Como hemos visto, al llamarse el caso para juicio, las partes estipularon que la corte resolvería dicha defensa por la prueba y en efecto, así lo hizo. La cuestión previa en controversia en este caso lo fué, en todo momento la de jurisdicción y el propio demandante así lo aceptó al estipular que la misma fuera resuelta posteriormente por la prueba que presentaron las partes.

Se distingue este caso de los citados anteriormente por el hecho de que en aquéllos la cuestión de jurisdicción no fué planteada previamente y además de que en su mayoría se trataba de reclamaciones de una suma determinada de

dinero, bien por deuda o en concepto de daños y perjuicios. Cuando estos son los conceptos de la reclamación la cuantía expuesta en la demanda es la que da jurisdicción a la corte aun cuando, por la prueba, luego se rebaje a una suma inferior a la jurisdiccional. La doctrina general está expuesta en 14 Am. Jur. 408 así:

"Se ha sostenido casi universalmente que la suma reclamada por el demandante en la cláusula *ad damnum* de su declaración, petición o demanda, o la especificada en el emplazamiento, es la que determina la cuestión relativa a la jurisdicción de una corte para conocer de una acción original, y no el valor de la propiedad envuelta en la controversia, según quedó establecido por la evidencia presentada en el juicio, ni tampoco la cantidad que fué declarada probada por el jurado, o que en definitiva sea probada."

La misma regla impera en California, donde la Corte Suprema del Estado declaró en el caso de *Rodley* v. *Curry*, 120 Cal. 541, que:

"Está tan sólidamente establecido que la suma reclamada en la demanda determina la jurisdicción de la corte, que no hay que citar autoridades. Cualquier otra regla estaría preñada de incertidumbres y complicaciones imposibles de prever.

Esta es la misma doctrina que aplicó esta corte en los casos antes citados.

Sin embargo, en el caso de autos no se reclama suma alguna en la demanda sino que, en forma genérica, se alegó que la propiedad valía más de $500 y la alegación fué controvertida por la defensa especial y, por estipulación de las partes, se convino en que la corte inferior determinaría el valor de la propiedad de acuerdo con la prueba y resolvería entonces la cuestión jurisdiccional planteada. Ese fué en realidad, el único *issue* o materia en controversia en el caso, y la corte no erró al resolverlo en la forma en que lo hizo.

Se queja el apelante, por el tercer error, de haber sido condenado a pagar $75 como honorarios de abogado a cada uno de los demandados, y al argumentarlo sostiene que en este caso no actuó con temeridad pues la corte inferior

no ha resuelto sobre el derecho de las partes y que si la propiedad vale menos de $500 la condena en $150 es altamente excesiva si se toma en consideración además el poco trabajo realizado por los abogados ya que el juicio fué muy corto practicándose poca prueba testifical.

Somos de opinión que el apelante tiene razón en cuanto a que la cantidad concedida, bajo todas las circunstancias del caso, es excesiva y que debe ser rebajada a la suma de $25 como honorarios de abogado para cada uno de los demandados, y *así modificada, se confirma la sentencia apelada.*