HAYDÉE BENÍTEZ REXACH, demandante y apelada, *v.* FÉLIX BENÍTEZ REXACH, demandado y apelante.

Núm. 8900.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Marzo 28, 1945.

*Adrián Agosto,* abogado del apelante; *Orlando J. Antonsanti* y *Fernando Ruiz Suria,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de una acción de cobro de dinero. Los hechos envueltos son los siguientes: La demandante y el demandado, después de divorciados, otorgaron en el año 1928 una escritura sobre transacción de pleitos y renuncia de acciones y derechos, a virtud de la cual la demandante se comprometió a desistir de dos pleitos que había interpuesto contra el demandado, uno en la Corte Federal en cobro de una deuda reconocida de $72,925.68 y el otro en la Corte de Distrito de San Juan en cobro de dinero por pensión alimenticia que el demandado se había comprometido pasarle a la demandante para sus cuatro hijos menores de edad. El demandado a su vez se comprometió a entregar a la demandante la suma de $72,925.68 así como 40 acciones de la San Juan Dock Company y además una pensión de $100 mensuales para los referidos hijos durante su minoridad. La demandante se comprometió además a satisfacer todas las contribuciones impuestas y pendientes de pago sobre las propiedades de la San Juan Dock Company.

El 15 de octubre de 1941 la demandante inició esta acción alegando que tres de sus hijos habían alcanzado la mayoridad el 31 de diciembre de 1938 y que desde esa fecha el demandado no le había pagado a la demandante los $25

mensuales a que había quedado reducida la pensión alimenticia correspondiente a su hija Haydée, niña menor de edad. Solicitó sentencia por $825, suma a que ascendían las mensualidades no satisfechas y además que se condenara al demandado a pagar $25 mensuales según se devengaran, intereses, costas y honorarios.

En 31 de octubre de 1941, y a virtud de ciertas gestiones extrajudiciales realizadas por la demandante, el demandado le pagó la suma de $558.33 correspondiente a las mensualidades vencidas desde enero, 1938, hasta el 10 de noviembre de 1940.

En su contestación el demandado aceptó prácticamente todos los hechos alegados en la demanda, pero alegó, como defensa especial, que su obligación alimenticia en cuanto a su hija Haydée había cesado como consecuencia del matrimonio de ésta celebrado el 10 de noviembre de 1940; y atacó además la jurisdicción de la corte inferior y la capacidad de la demandante para establecer la acción.

La corte declaró con lugar la demanda en todas sus partes, a excepción del pago de las mensualidades vencidas con posterioridad al comienzo del litigio. El demandado en este recurso señala como errores sustancialmente las mismas defensas y alegaciones planteadas en la contestación.

■ En cuanto a la alegada falta de jurisdicción de la corte inferior, la cuestión carece de méritos. Repetidamente hemos resuelto que la jurisdicción de las cortes de distrito en acciones en cobro de dinero se determina por la cantidad reclamada en la demanda y que el hecho de que dicha cantidad sea reducida posteriormente a virtud de la prueba a menos de $500 no las priva de jurisdicción. *Méndez v. Casino "Hijos de Borinquen"*, 35 D.P.R. 270; *Hamilton v. Boerman*, 35 D.P.R. 542; *Millón & Co., Sucrs. v. Caamaño*, 38 D.P.R. 193; *Horace Waters & Co. v. Portilla*, 42 D.P.R. 950; *Longchamps v. Franceschi*, 56 D.P.R. 194; *Donato v. Cruz*, 59 D.P.R. 534.

■ La única cuestión de relativa importancia envuelta en este caso es la determinación de si la obligación de pasarle $25 mensuales a la demandante para alimentos de su hija durante su minoridad, que contrajo el demandado con la demandante a virtud del contrato transaccional otorgado, cesó el 10 de noviembre de 1940 por el hecho de que su hija se casó en dicha fecha pero cuando aún era menor de edad.

El error en que incurre el demandado en toda su argumentación en este caso es el partir de la premisa falsa de considerar que esta acción es una en la cual la demandante está reclamando alimentos para y a nombre de su hija. Por el contrario, la acción es una en cobro de dinero basada en el contrato transaccional, de carácter oneroso, celebrado entre las partes, y nada hay en él que pueda hacerlo caer bajo las prohibiciones contenidas en el artículo 1207 del Código Civil(1). Como parte de la causa del contrato la demandante se comprometió a desistir de los pleitos y a satisfacer ciertas contribuciones y el demandado por su parte se comprometió a pagar a la demandante cierta suma de dinero y la pensión mensual hasta que sus cuatro hijos fueran mayores de edad. Todos estos hechos fueron convenidos entre la demandante y el demandado. Los hijos no fueron partes en el contrato, ni podían serlo de acuerdo con el artículo 1713 del Código Civil, ya que ellos no hubieran podido transigir sobre su derecho a percibir alimentos futuros de su padre, pero la demandante no estaba transigiendo sobre dichos alimentos sino meramente fijando su cuantía, quedando ella, por tanto, obligada para con sus hijos de suministrarles todo aquello que, en exceso de los $25 mensuales, ellos pudieran necesitar para su sustento, habitación, vestido, educación y asistencia médica, sin poder reclamar el

---

(1)Artículo 1207 del Código Civil:

"Los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público."

importe de dicho exceso al demandado. (Artículos 142 y 145 en relación con el artículo 153 del Código Civil.)

 El hecho de que la hija del demandado quedara emancipada a virtud de su matrimonio sería un impedimento para que ella pudiera reclamar alimentos en primer término a su padre aquí demandado (Artículo 144 del Código Civil) pero como hemos dicho, ese no es el caso que confrontamos sino uno de cobro de dinero consecuencia de una obligación válida contraída por el demandado con la demandante y en el cual la hija ni es parte ni podía serlo.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús disintió.