DOMINGO CERRA, demandante y apelado, *v.* DOMINGO MOTTA OSORIO, demandado y apelante.

Núm. 10072.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 31, 1950.

*Juan Nevares Santiago,* abogado del apelante; *Antonio J. Matta,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Envuelve este recurso una acción civil en cobro de dinero. Domingo Cerra y su hermano Luis Cerra heredaron de su señora madre una finca rústica que al ser mensurada resultó tener un área de 369.71 cuerdas, pero que para fines de contribuciones sobre la propiedad figuraba con una superficie de 377.34 cuerdas. Allá para el mes de noviembre de 1944 Luis Cerra vendió su participación al demandado Domingo Motta Osorio mediante escritura pública. La participación así vendida, con un área de 98.86 cuerdas, fué segregada al mes siguiente. La totalidad de la finca estaba, sin embargo, hipotecada al Federal Land Bank of Baltimore en primera hipoteca y a The Federal Land Commissioner en segunda hipoteca.

Alega el demandante que necesitando el demandado obtener sobre las 98.86 cuerdas por él adquiridas un préstamo hipotecario del primero de dichos bancos y que no habiéndose pagado por ellos ni por su causante, aunque sí por el Banco Federal, las contribuciones territoriales correspondientes a los años 1943–44 y 1944–45([1]), el demandado le pidió a él que pagara las mismas al banco por cuenta de ambos, puesto que de no hacerse así dicha institución no le concedería el préstamo interesado; que el demandante pagó las contribuciones al Banco Federal, al igual que posteriormente las correspondientes al año 1945–46, pero que no obstante haber el demandado logrado el préstamo hipotecario y de haber sido requerido para ello, éste no ha pagado al demandante la parte correspondiente de las contribuciones. El demandado contestó que solamente se había comprometido a pagar su parte de las contribuciones desde la fecha en que adquirió las 98.86 cuerdas de Luis Cerra y que con tal motivo sólo adeudaba $418. Celebrado el juicio, la corte de distrito declaró con

---

[1] Las contribuciones se habían impuesto por Tesorería sobre la totalidad de la finca de 377.34 cuerdas a nombre de la señora Pilar Becerril viuda de Cerra, causante del demandante y su hermano.

lugar la demanda en su totalidad y condenó al demandado a pagar al demandante la suma de $624.38 reclamada en la demanda, con intereses y costas, más $100 para honorarios de abogado.

Sostiene en primer lugar el apelante que la corte inferior erró al declarar sin lugar su moción solicitando sentencia sobre las alegaciones. Surge de los autos que al ser llamado el caso para juicio, el demandado solicitó de la corte que dictara sentencia sobre las alegaciones y que ésta declaró sin lugar esa moción. De acuerdo con la Regla 12(c) de las de Enjuiciamiento Civil "después que se hayan formulado las alegaciones, pero dentro de un plazo que no demore el juicio, cualquier parte puede solicitar que se dicte sentencia por las alegaciones." Bajo el inciso (d) de la misma Regla la moción para que se dicte sentencia sobre las alegaciones se oirá y decidirá antes del juicio a solicitud de cualquiera de las partes.

Interpretando los anteriores incisos de la Regla 12 se ha resuelto repetidamente por tribunales del Continente que una moción como la presentada en este caso admite como ciertos los hechos bien alegados de la demanda y que tal moción no debe ser declarada con lugar a menos que el derecho del solicitante sea claro. *Toretta* v. *Wilmington Trust Co.,* 71 Fed. Supp. 281; *Hutchings* v. *Lando,* 7 F.R.D. 668; *Ulen Contracting Corp.* v. *Tri–County Electric Cooperative,* 1 F.R.D. 284; *Lackawanna Beef Co.* v. *Adolf Gobel, Inc.,* 1 F.R.D. 538; 2 Moore's *Federal Practice,* segunda edición, pág. 2268. Igualmente se ha decidido que si se declara con lugar tal moción la resolución a ese efecto no será alterada por la corte superior a no ser que con ello se haya ocasionado perjuicio al promovente. *Time, Inc.* v. *Viobin Corp.,* 128 F.2d 860, 6 F.R. Serv. 12c 12, caso 1. También, que no se renuncia a semejante moción cuando al ser declarada la misma sin lugar, el promovente entra a juicio y presenta prueba en su favor. *Sinclair Refining Company* v. *Stevens,* 123 F.2d 186;

Moore's *Federal Practice,* tomo citado, página 2272([2]). Estamos contestes con los principios legales anteriormente enunciados. En el presente caso el derecho del demandado al remedio que solicitaba no era claro. La corte inferior no cometió, por tanto, el primer error señalado.

▮▮ En segundo lugar sostiene el apelante que la corte a quo cometió error en la apreciación de la prueba. Al discutir este error insiste en que él solamente venía obligado a pagar las contribuciones a partir de la fecha en que adquirió la propiedad y discute la cuestión con amplitud. No tiene razón. Provee el artículo 298 del Código Político que "Los bienes raíces serán tasados a nombre de la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día 15 de enero." Véanse también *National Hats Co.* v. *Sancho,* 65 D.P.R. 241, 246; *Buscaglia* v. *Tribunal, etc.,* 63 D.P.R. 39, 41; *Asociación de Maestros* v. *Sancho Bonet,* 54 D.P.R. 536, 540. Y el 315 que "la contribución que se impusiere por el corriente año económico y por los tres años económicos anteriores sobre cada finca. . . constituirá el primer gravamen sobre dicha propiedad." Cierto es que para el 15 de enero de 1944 el demandado no era dueño ni estaba en posesión de las 98.86 cuerdas, pero como la finca estaba gravada con dos hipotecas, los acreedores hipotecarios podían pagar las contribuciones y agregar el monto de ellas al gravamen hipotecario (artículo 333 del Código Político) aumentándose así la responsabilidad de la finca gravada.

La prueba de las partes consistió en el testimonio de uno y otro litigante y en evidencia documental. El testimonio del demandante fué en síntesis que el demandado le pidió que pagara la totalidad de las contribuciones adeudadas, más las del año 1945–46, y que el entendido fué que el demandado le reembolsaría su participación en las mismas tan pronto obtuviera el préstamo de que se ha hecho mención. Y el del

---

. ([2])Cf. *Olivero* v. *Central Cambalache,* 52 D.P.R. 716; *Colón* v. *Plazuela Sugar Co.,* 47 D.P.R. 871; *Berríos* v. *Garáu,* 46 D.P.R. 799; *Rivera* v. *Central Pasto Viejo,* 43 D.P.R. 711; *Antonsanti & La Costa* v. *Sucn. Axtmayer,* 38 D.P.R. 782 y *Ana María Sugar Co.* v. *Castro,* 28 D.P.R. 241.

demandado, que él sólo se comprometió a pagar las contribuciones desde que adquirió la propiedad. Hay en verdad suficiente prueba en los autos para justificar la sentencia dictada.

█ Tampoco erró la corte al no declararse sin jurisdicción por razón de la cuantía. En casos de esta índole, lo que da jurisdicción a un tribunal lo es la cuantía reclamada y no aquélla que el demandado alegue deber al demandante o la que en definitiva sea objeto de la sentencia que se dicte. *Benítez* v. *Benítez,* 64 D.P.R. 756; *Donato* v. *Cruz,* 59 D.P.R. 534. La reclamación del demandante lo fué por la suma de $624.38. El hecho de que el demandado alegara que sólo debía al demandante la cantidad de $418 no privó a la corte inferior de jurisdicción.

█ La imposición de costas a la parte perdidosa es obligatoria desde que se aprobó la Ley 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239). Véanse también *Sánchez* v. *Cooperativa Azucarera,* 66 D.P.R. 346; *Colón* v. *Asociación Cooperativa Lafayette,* 67 D.P.R. 271.

█ Bajo la Ley 94, supra, se impondrán los honorarios de abogado igualmente a la parte perdidosa si ésta ha procedido con temeridad. *Figueroa* v. *Picó,* 69 D.P.R. 402. Ésa resulta ser siempre cuestión discrecional en la corte sentenciadora y no intervendremos con tal discreción a no ser que haya habido un abuso de ella. En este caso no lo ha habido.

*Debe confirmarse la sentencia apelada.*