West India Oil Company, demandante y apelante *v.* Tobacco Trade Journal y Santiago Iglesias Silva, demandados y apelados.

Núm. 7246.—*Sometido:* Mayo 25, 1937. *Resuelto:* Julio 23, 1937

*José Carbia Miranda,* abogado de la apelante; *Besosa & Besosa,* abogados de la apelada Tobacco Trade Journal.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 4 de enero, 1934, la West India Oil Company interpuso demanda de tercería en la Corte de Distrito de Humacao reclamando como suyos los cincuenta dólares mensuales a devengar por Santiago Iglesias Silva como canon de arrendamiento de una casa de su propiedad situada en Caguas hasta el montante de $850, que habían sido embargados por The Tobacco Trade Journal en el pleito que seguía contra el dicho Iglesias en cobro de dinero en la Corte de Distrito de San Juan.

Ocho días después la demandada en tercería The Tobacco Trade Journal Co. radicó su contestación, y a los tres si-

guientes la tercerista archivó una excepción previa a la misma.

Así las cosas, al año siguiente, en junio 15, el secretario presentó a la corte una moción que dice:

"COMPARECE el Secretario e informa que las partes no han radicado instancia alguna en el presente caso desde 9 de marzo de 1934, teniendo por tanto el mismo más de un año sin progreso. Y en virtud de la Regla 3 para las Cortes de Distrito en Casos Civiles, se solicita se considere que las partes han abandonado el presente pleito y se dicte sentencia sobreseyendo y archivando el mismo, previa notificación a las partes."

El 17 de junio, 1935, la corte ordenó que la moción se notificara a las partes concediéndoles diez días a partir de la notificación para comparecer a alegar razones por las cuales no debiera dictarse sentencia sobreseyendo y archivando por abandono el pleito.

Notificadas las partes el propio día 17 de junio, 1935, compareció la tercerista el 19 y alegó:

"Que han mediado razones poderosas por cuyo motivo esta parte demandante no ha solicitado el señalamiento de este caso, entre otras, el haber estado ausente de Puerto Rico durante parte del pasado año, el abogado que suscribe; otra, el haberse realizado una sustitución de los directores u oficiales de esta corporación lo que ha impedido al abogado de la demandante impartirle la corriente atención a los pleitos pendientes debido a estar en casi constantes consultas con dichos nuevos directores para imponerles la situación reinante en la isla en sus distintos aspectos por ellos desconocerla.

"Que los motivos antes aludidos están para cesar de un momento a otro y de consiguiente de un momento a otro también la parte demandante habrá de dar los pasos pertinentes para hacer progresar este caso, sobre todo cuando a dicha parte le asiste una justa, buena y razonable causa de acción."

En julio 16, 1935, la demandada en tercería archivó un escrito oponiéndose, como sigue:

"Que desde enero 17 de 1934 se encuentra pendiente de discusión unas excepciones previas a la contestación de esta parte en este caso sin que hasta la fecha se haya hecho diligencia alguna por la terce-

rista en ver dicha moción y disponer de la misma, solicitando su señalamiento ante esta Hon. Corte, limitándose la West India Oil Co. en su moción de junio 19, 1935, a aducir razones que no justifican en lo más mínimo el total abandono de estos procedimientos por dicha parte, ya que los deberes profesionales del abogado no pueden justificar la actitud asumida por la tercerista en este caso, actitud que intentan continuar según se desprende de la misma moción de junio 19 de 1935 en que no hace esfuerzo ni diligencia alguna por poner en movimiento estos procedimientos."

Continúa exponiendo las razones por virtud de las cuales considera que el tercerista no tiene una buena causa de acción.

La corte señaló el 2 de agosto, 1935, para la vista de la moción de junio 19. Nadie compareció. Al día siguiente, 3 de agosto, 1935, aparece radicada una moción fechada el primero, en que ambas partes pedían la posposición de la vista para agosto 9.

Sigue una petición de la tercerista radicada en agosto 17, 1935, para que se incluya en el calendario especial de agosto 23 la discusión de su excepción previa a la contestación, a lo que no accedió el secretario por hallarse pendiente la cuestión de archivo.

El 27 de agosto, 1935, se dictó por la corte la siguiente sentencia:

"Vista la moción presentada por la demandante para que no se decrete el sobreseimiento y archivo del caso, y en mérito de las alegaciones hechas por la demandada, The Tobacco Trade Journal Co., se declara con lugar la moción del Secretario y al efecto se dicta sentencia declarando sobreseído y archivado este caso por abandono injustificado del mismo durante más de un año a contar desde la fecha de la última actuación en autos y hasta la fecha en que el Secretario radicó la moción que ahora se resuelve. El Secretario notificará a las partes esta sentencia."

De ella apeló la tercerista imputando a la corte que "abusó notoriamente de su discreción ordenando el archivo y sobreseimiento del caso."

La regla 3 de la corte citada en su sentencia, según se transcribe en el alegato de la parte apelada, dispone:

"Regla 3.—En cada término regular la Corte *motu proprio* y previa notificación de por lo menos 5 días a la petición podrá ordenar la desestimación y el archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiera hecho progreso alguno y anotádose en el récord, por un período de un año o más, debido a la negligencia de las partes a menos que esta tardanza se justifique oportunamente a satisfacción del tribunal."

Y circunscrito el debate a si se demostró o no que la corte sentenciadora abusó de su discreción al aplicarla, creemos que se impone una resolución en la negativa.

Los hechos y la ley son claros. La tercerista presentó en el pleito una excepción previa a la contestación en enero 15, 1934, y nada más gestionó en el pleito. Cuando el secretario se dirigió a la corte en junio 15, 1935, había transcurrido no ya un año sino cerca de año y medio de falta de gestión. Se notificó a las partes. ¿Cuál fué la excusa de la tercerista? Dejamos transcritas textualmente sus manifestaciones hechas en una moción que ni siquiera está jurada. Fueron en substancia haber estado ausente de Puerto Rico parte del tiempo su abogado y haberse realizado una substitución de sus directores y oficiales.

¿Puede sostenerse que al juzgarlas insuficientes el juez sentenciador abusara de su discreción? Es tan evidente lo contrario, que la negativa se impone por sí misma. Se trata de un período de más de un año. Se reconoce que la ausencia del abogado no lo fué por todo el tiempo. La situación creada por el cambio de directores no se expresa cuánto duró, pero no puede serlo por un período tan largo. La impresión que lo alegado produce es la de meras excusas, no la de causas que justifiquen o que tiendan siquiera a justificar la conducta de la parte o su abogado.

Siendo ésas las circunstancias que en el caso concurren, *el recurso debe declararse sin lugar quedando confirmada la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.