APELIO FELICES PORTILLA, demandante y apelante, *v.* PORTO RICO IRON WORKS y PORTILLA IRON WORKS, INC., demandados y apelados.

Núm. 7231.—*Sometido:* Junio 10, 1937. *Resuelto:* Julio 31, 1937.

* NOTA: Véase el prefacio.

*R. Rivera Zayas, José S. Alegría* y *Felipe Colón Díaz,* abogados del apelante; *F. Parra Capó* y *F. Parra Toro,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

██ La regla 3 del Reglamento para las cortes de distrito lee así:

"Al llamarse el calendario en cada término regular, la Corte, *motu proprio* y previa notificación de, por lo menos, cinco días a las partes, podrá ordenar la desestimación y el archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiere hecho progreso alguno y anotádose en el récord, por un período de un año o más, debido a la negligencia de las partes; a menos que esta tardanza se justifique oportunamente a satisfacción del Tribunal."

El apelante sostiene que la Corte de Distrito de Ponce abusó de su discreción al desestimar una acción de daños y perjuicios por falta de instancia y al declarar sin lugar una moción de reconsideración. La relación de todos los hechos no serviría un fin muy útil. El alegato del apelante deja de demostrar un abuso de discreción. El artículo 317 del Código de Enjuiciamiento Civil lee, en parte, así:

"Toda notificación de una moción deberá hacerse por escrito a no disponerse en este Código que se verifique de otro modo y se practicará con cinco días de anticipación al señalado para la vista si ésta tuviere lugar en el distrito en que se siga el pleito y con diez días en los demás casos. Cuando la notificación se haga por correo, se ampliarán los términos anteriores, según los casos, a razón de un día más por cada veinte y cinco millas de distancia entre el lugar del juicio y aquél en que deba hacerse la notificación, sin que la ampliación del término pueda exceder de treinta días; pero la corte o juez podrá señalar un término más breve. Al hacerse la notificación de una moción o de la orden que en virtud de ella se dicte para que se dé la razón de algún acto, se acompañarán copias de la mo-

ción y de la orden y de los documentos con aquélla presentados, exceptuándose las actas de la corte y los legajos del pleito, pero no habrá necesidad de notificar por escrito ninguna moción que afecte a las alegaciones o a la sentencia, ni la que se haga durante el curso del pleito.''

El 18 de septiembre de 1935, el secretario de la corte de distrito informó al juez de distrito por escrito que no se había hecho nada por ninguna de las partes por espacio de más de un año y sugirió el archivo del recurso. El juez de distrito dispuso que ambas partes mostraran causa por la cual no debía archivarse el litigio y concedió a cada una de ellas diez días para que comparecieran y mostraran tal causa. Ambas partes fueron debidamente notificadas. El demandante solicitó, en 26 de septiembre, que se dejara sin efecto la orden del 18 del mismo mes. Los demandados solicitaron, el 30 de septiembre, en oposición a la moción del demandante, que el recurso fuese archivado conforme sugería el Secretario. En primero de octubre el juez de distrito señaló ambas mociones para el día 7 y ambas partes fueron notificadas. El tercer señalamiento es que la corte inferior cometió error al no conceder más de cinco días desde que se dictó la orden hasta el día fijado para la vista. El demandante tuvo en total más de quince días para mostrar causa por la cual no debía archivarse el recurso. La moción para que se dejara sin efecto la orden de la corte de septiembre 18 no estaba jurada. Los hechos aducidos en la contramoción estaban sostenidos por la declaración jurada de uno de los letrados de los demandados. El demandante no presentó una contradeclaración jurada ni solicitó un término adicional para prepararla. El demandante solicitó, en octubre 23, que se dejara sin efecto la sentencia de octubre 7. En esta moción el demandante llamó la atención del Juez de Distrito hacia el hecho de que sólo habían transcurrido cinco días desde la fecha en que se dictó la orden señalando las dos mociones de reconsideración y la fecha de la vista, mas dejó de demostrar que él hubiera sido perjudicado en forma

alguna al dejarse de señalar una fecha posterior para la vista o que se hubiese llegado a un resultado distinto de haberse fijado una fecha posterior. En la orden de la corte de distrito señalando el 7 de octubre para oír las dos mociones no hallamos ningún error que dé lugar a la revocación.

*La sentencia y resolución apeladas deben ser confirmadas.* El Juez Asociado Señor Córdova Dávila no intervino.