ENRIQUETA RODRÍGUEZ, como madre con patria potestad sobre su menor hijo ERIVÁN MORALES RODRÍGUEZ, demandante y apelada, *v.* PORFIRIO MORALES ASENCIO, demandado y apelante.

Núm. 8050.—*Sometido:* Noviembre 28, 1939. *Resuelto:* Diciembre 8, 1939.

A. *Ortiz Toro,* abogado del apelante; *Héctor González Blanes,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demandante instó demanda ante la Corte de Distrito de San Juan contra Porfirio Morales Asencio, de quien se divorció en octubre de 1937, reclamando una pensión alimenticia de $75 mensuales para su hijo menor. Al tiempo de contestar la demanda el demandado radicó una moción en la que solicitaba el traslado de la causa a la Corte de Distrito de Mayagüez, por ser ése el distrito donde tiene su residencia y domicilio el demandado y tratarse de una acción personal. Declarada sin lugar dicha moción, el demandado interpuso el presente recurso, alegando que la corte inferior erró al negarse a decretar el traslado. Al denegar la moción de traslado la corte inferior se expresó así:

"Resolviendo la corte ahora la moción de traslado, tiene que declarar de plano sin lugar todas estas defensas en cuanto a la jurisdicción del tribunal, porque todas ellas están en abierto conflicto con lo que dispone la ley civil. Las partes, que han roto el vínculo matrimonial mediante una sentencia de divorcio, tienen por ley establecidas sus obligaciones y deberes en cuanto a la custodia y patria potestad de los menores. No hay duda alguna que la madre demandante en este caso obtuvo la custodia y patria potestad del menor y como tal ella es quien debe representarlo en todo juicio y especialmente en este juicio de alimentos. No dice la demanda dónde se rompió el vínculo matrimonial; pero como todas las cortes de distrito de Puerto Rico tienen competencia para conocer de los pleitos de divorcio, asumiendo que el juicio se viera en San Juan, que es donde reside la demandante con su hijo, este tribunal tiene jurisdicción y competencia para conocer de este pleito. Aquí reside el menor con la madre, y aquí en esta jurisdicción es que necesita los alimentos que pide. El hecho de que este procedimiento de alimentos se rija por las disposiciones de la ley de procedimientos legales especiales para los juicios de desahucio, no quiere decir que para pedir alimentos un menor tenga necesariamente que ir a la Corte de Distrito del Distrito en que reside el demandado, porque ello implicaría una completa denegación del derecho del menor a solicitar alimentos, derecho que claramente lo reconoce la ley. Cierto es que ésta es una acción personal, pero no es menos cierto que es una obligación que la ley reconoce en el padre para con el hijo, y

el padre no puede obligar al hijo menor de edad y bajo custodia de la madre, a vivir en el distrito en que el padre vivía, ni tampoco a comparecer en aquel distrito para iniciar pleito de esta naturaleza. Los casos que nos cita el abogado en su memorándum no son aplicables, a mi juicio, a esta clase de acciones.''

Tiene razón, a nuestro juicio, el apelante. Cuando se trata como en el presente caso de una acción personal, no comprendida dentro de las disposiciones del Artículo 79 del Código de Enjuiciamiento Civil, ed. de 1933, el demandado tiene derecho a solicitar que el juicio sea seguido en el distrito donde él tiene su residencia. A todo demandado le asiste igual derecho cuando se le ha emplazado para que conteste una demanda interpuesta en un procedimiento especial, de naturaleza civil. Véanse: Artículos 50, 79, 81 y 82 del Código de Enjuiciamiento Civil; *Toro y Lippitt* v. *Corte de Distrito de San Juan,* 30 D.P.R. 542; *Clemente* v. *Junta Examinadora de Ingenieros,* 38 D.P.R. 903; *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 D.P.R. 381; *Manescau* v. *Usera,* 46 D.P.R. 136.

*Debe revocarse la resolución recurrida y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*