694

FRANK PAGÁN, menor de edad, representado por su madre con patria potestad, EUFEMIA PAGÁN, recurrente, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JUEZ, demandada.

Núm. 1547.—*Sometido:* Noviembre 10, 1943. *Resuelto:* Diciembre 13, 1943.

*Carlos D. Vázquez,* abogado del peticionario; *R. Cuevas Zequeira,* abogado del interventor, parte contraria en el pleito principal.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan se radicó una demanda contra Francisco Otero, vecino de Bayamón, en la que se solicita se le condene a pasarle una pensión alimenticia de $30 mensuales a su alegado hijo natural Frank Pagán, vecino de San Juan. En agosto 19 de 1943 la Corte de Distrito ordenó la citación del demandado y señaló el día 3 de septiembre, 1943 para la primera comparecencia, de

acuerdo con el procedimiento establecido para el juicio de desahucio. Emplazado en Bayamón el 23 de agosto, 1943, compareció el demandado el 27 del mismo mes y, sin someterse a la jurisdicción de dicho tribunal, solicitó que el caso fuese trasladado a la Corte de Distrito de Bayamón, por ser éste el distrito donde él reside. En apoyo de su moción de traslado, el demandado presentó un *affidavit* de méritos y una excepción previa a la demanda, basada en la insuficiencia de los hechos alegados para determinar una causa de acción contra el demandado.

En 21 de septiembre, 1943 la Corte de Distrito de San Juan decretó el traslado del caso a Bayamón, basando su decisión en el caso de *Rodríguez* v. *Morales,* 55 D.P.R. 746.

Solicitó el demandante la reconsideración de la orden de traslado y le fué denegada. En septiembre 29 de 1943 acudió el demandante ante el juez que suscribe, quien actuaba en esa fecha en funciones de turno, y solicitó la expedición de un auto de *certiorari* para la revisión del procedimiento seguido en relación con el traslado del caso a la Corte de Distrito de Bayamón. El auto fué expedido y la vista celebrada ante el suscribiente, mas no habiendo las partes sometido sus alegatos a tiempo de que el juez de turno pudiese dictar una decisión antes de expirar el término de vacaciones de esta Corte, el caso fué señalado para ser visto ante el Tribunal en pleno, quedando por fin sometido el 10 de noviembre de 1943.

██ La controversia ha sido planteada por las partes así:

Sostiene el peticionario, que de acuerdo con el procedimiento seguido en casos de desahucio, que es el aplicable a las demandas en reclamación de alimentos, el demandado debió comparecer ante la Corte de Distrito de San Juan en el día y hora señalados para la primera comparecencia para allí y entonces formular su contestación a la demanda y su petición de traslado; que la corte inferior erró al permitir al demandado formular una excepción previa a la demanda,

toda vez que la única alegación permitida al demandado en desahucio es la contestación a la demanda, dentro de la cual deberán aducirse las excepciones previas (artículo 625, Código de Enjuiciamiento Civil, 1933); y que la corte inferior erró al decretar el traslado y al no dictar sentencia en rebeldía en contra del demandado. Alega además el peticionario, que "cuando un demandado solicita el traslado de un pleito, acompañando solamente una excepción previa, cuando él viene obligado a contestar la demanda, el traslado debe denegarse por no haberse solicitado el mismo conforme a lo que dispone el artículo 82 del Código de Enjuiciamiento Civil", citando en apoyo de su contención el caso de *Rivera* v. *Aybar,* 32 D.P.R. 548.

La contención del demandado es que si bien es verdad que el artículo .625 del Código de Enjuiciamiento Civil dispone que las excepciones previas deberán formularse al presentar la contestación, dicho artículo no priva al demandado de su derecho a atacar la insuficiencia de la demanda y a descansar, como única defensa, en la cuestión legal levantada por la excepción previa; que el demandado tiene derecho a que el juicio sea celebrado en el distrito de su residencia; y que todas las cuestiones levantadas por el demandante pueden y deben ser discutidas ante la corte competente, como incidentes de la acción de alimentos, cuando se decrete el traslado a que tiene derecho el demandado.

¿Es estrictamente aplicable .a la acción de alimentos el procedimiento fijado por la Ley de Desahucio? Veamos primeramente cuáles son las diferencias esenciales entre una y otra clase de acción.

La de desahucio tiene como su objeto principal el de recobrar la posesión de una propiedad inmueble. La jurisdicción para conocer de las demandas sobre desahucio ha sido conferida por la ley (Artículo. 622 del Código de Enjuiciamiento Civil, 1933) a las cortes municipales del distrito en que radique la finca, cuando el canon por una anualidad no exceda de mil dólares, y en todos los demás casos a la corte

de distrito del distrito en que la finca radique. Iniciado un desahucio ante una corte con jurisdicción para conocer del caso, el demandado no tiene derecho alguno a solicitar el traslado al distrito de su residencia, y el día señalado para la primera comparecencia estará obligado a comparecer ante la corte para formular en ese acto su contestación a la demanda, en la cual podrá incluir todas aquellas defensas que pueden ser aducidas por vía de excepción previa; y una vez formulada su defensa, el demandado deberá proponer toda la prueba de que intente valerse. La que fuere admitida por la corte deberá ser practicada dentro de los diez días siguientes.

Es la de reclamación de alimentos una acción que debe ser vista en el distrito en que residiere el demandado (*Rodríguez* v. *Morales,* supra). No tenemos duda alguna de que cuando la demanda sobre alimentos se radica en el distrito en que reside el demandado, éste está obligado a ajustarse estrictamente a los requisitos del artículo 625, tal como si se tratara de un caso de desahucio iniciado ante la corte con jurisdicción para conocer del mismo.

¿Estaría un demandado en desahucio ante una corte sin jurisdicción para conocer del caso, obligado a comparecer ante esa corte a celebrar el juicio, formular sus alegaciones, proponer su prueba y cumplir con los requisitos del artículo 625? La pregunta debe ser contestada negativamente. El demandado puede en ese caso solicitar la desestimación de la demanda por falta de jurisdicción o el traslado de la causa al distrito en que radique la finca objeto del desahucio. No vemos razón alguna para que se le exija a un demandado que está atacando la jurisdicción de una corte o que solicita el traslado de la causa al distrito de su residencia, que comparezca ante la corte que le ha emplazado para celebrar el juicio, formular sus alegaciones y someter a su decisión la admisibilidad de la prueba de que intenta valerse para establecer su defensa.

Por las mismas razones opinamos que el demandado en esta acción sobre reclamación de alimentos, tiene derecho a solicitar que el pleito se vea en el distrito de Bayamón, que es el de su residencia, y que el demandado no estaba obligado, como condición precedente a o concurrente con la solicitud de traslado, a celebrar el juicio, formular sus alegaciones y someter la admisibilidad de su prueba a la Corte de Distrito de San Juan. Resolvemos, pues, que las disposiciones del artículo 625 del Código de Enjuiciamiento Civil son estrictamente aplicables, tanto en los casos de desahucio como en los de reclamación de alimentos, cuando el caso ha sido radicado ante la corte con jurisdicción y competencia para conocer del mismo o desde el momento en que el caso ha sido trasladado a la corte competente, que es la que tiene autoridad y competencia para convocar a las partes para la celebración de la primera comparecencia. Habiéndose radicado la demanda en este caso en un distrito que no es aquel en que reside el demandado, éste tenía derecho a solicitar el trasladado al distrito de su residencia, ajustándose a lo dispuesto en el artículo 82 del Código de Enjuiciamiento Civil.

El caso de *Rivera* v. *Aybar,* supra, en que descansa el peticionario, presenta una situación casi idéntica a la del caso de autos. La decisión en dicho caso sería estrictamente aplicable si estuviéramos de acuerdo con sus conclusiones. No lo estamos. Creemos que dicho caso fué erróneamente resuelto, y por tanto queda por el presente expresamente revocado.

El artículo 625 no señala el momento en que el demandado debe formular su contestación, pero es lógico suponer que debe hacerlo al ser llamado el caso para la celebración de la primera comparecencia. El estatuto reconoce el derecho del demandado a formular excepciones previas y solamente exige que sean aducidas al contestar la demanda o sea en el momento de exponer "lo que a su derecho conduzca." Pues bien, si en ese momento el demandado se en-

cuentra ante una corte que no es la de su residencia y se le requiere para que conteste una demanda que a su juicio no aduce hechos suficientes para constituir una causa de acción, ¿por qué no ha de permitírsele que interponga como única defensa y contestación a la demanda la excepción privilegiada de falta de causa de acción o la de falta de jurisdicción, las cuales por ser privilegiadas pueden ser interpuestas en cualquier momento, y que al mismo tiempo solicite el traslado a la corte de su residencia? ¿Y si su única defensa en contra de la demanda es la insuficiencia de sus alegaciones, qué importancia tiene el que esa defensa se interponga en un escrito titulado "excepción previa" en vez de en uno titulado "contestación", si la práctica permite que esa excepción general se presente ya como excepción previa o como parte de la contestación? Sostener que porque el demandado tituló su defensa "excepción previa" en vez de titularla "Contestación", debió denegarse el traslado, equivaldría a valerse de un mero tecnicismo para privar al demandado del derecho que la ley le concede a que el pleito sea visto ante la corte del distrito de su residencia. No erró la corte inferior al declarar con lugar el traslado.

No obstante lo que acabamos de resolver, opinamos y resolvemos que la práctica que debe seguirse, tanto en un caso de desahucio como en uno de alimentos, cuando el demandado ha sido citado ante una corte que no tiene jurisdicción o competencia para conocer del caso, es la de que al ser llamado para la primera comparecencia el demandado presente su contestación a la demanda, por escrito, presentando en ese mismo acto su petición para que el caso sea trasladado a la corte correspondiente. Radicada la contestación y la petición de traslado, si éste procediere la corte lo decretará sin que ni el demandante ni el demandado estén obligados a proponer prueba alguna. La corte a la cual sea trasladado el caso citará a las partes para la celebración ante ella de la primera comparecencia, en la cual las partes propon-

drán la prueba de que intenten valerse para sostener sus respectivas alegaciones. La prueba que fuere admitida por la corte será practicada en la segunda comparecencia.

*Debe anularse el auto expedido y devolverse el caso a la corte de su procedencia para ulteriores procedimientos no inconsistentes con esta opinión.*