HAYDEE NEVARES LANDRÓN, demandante y apelada, *v.* ALFONSO E. DELGADO FAJARDO, demandado y apelante.

Núm. 8852.—*Sometido:* Abril 12, 1944. *Resuelto:* Mayo 16, 1944.

*A. Quirós Méndez,* abogado del apelante; *Pedro Amado Rivera,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La única cuestión a resolver en este caso es si procede suspenderse los efectos de una estipulación de las partes, en la cual el demandado se comprometió a pasarle una pensión alimenticia mensual a su hija de dos años de edad, por el hecho de que la madre, quien obtuvo la patria potestad y custodia de ella a virtud de sentencia de divorcio, se ausentó de Puerto Rico con la niña, en violación de una orden de la corte. Los hechos son los siguientes:

Decretado el divorcio, las partes el 21 de noviembre de 1942 sometieron a la corte inferior la siguiente estipulación:

"1. Que ambas partes aceptan por final y ejecutoria la sentencia de divorcio que dictó esta Hon. Corte en el caso de epígrafe con fecha 30 de octubre del corriente año, renunciando el demandado su derecho de apelación contra la misma.

"2. Que en cumplimiento de la obligación que impone al demandado el Código Civil, el demandado, con la aceptación de la deman-

dante, se obliga a pasar a su menor hija Gloria Elena Delgado Nevares, que ha quedado bajo la patria potestad de la demandante, y como pensión para la demandante, una pensión alimenticia de CINCUENTA Y CINCO DÓLARES ($55) mensuales, a partir del día primero de noviembre del corriente año, que le será enviada a la demandante a su domicilio, en un giro postal (*money order*) dentro de los primeros cinco días de cada mes.

"Por lo que, las partes comparecientes suplican a la Corte apruebe esta estipulación dictando la correspondiente sentencia sin especial condena de costas."

Aun cuando de los autos ante nos no aparece la orden de la corte aprobando esta estipulación, en la opinión dictada por el juez en apoyo de la resolución apelada, hace constar que fué dictada el 3 de diciembre de 1942.

El 27 de noviembre de 1942 la corte inferior, a petición del demandado y de acuerdo con la prueba presentada, dictó una orden estableciendo las relaciones de familia entre el demandado y su hija, fijando los días y horas en que la demandante debería entregarla a su padre.

El 24 de marzo de 1943, después de oír a las partes sobre una moción del demandado, la corte dictó una orden cuya parte dispositiva dice así:

". . . la Corte prohibe a ésta (la demandante) sacar a su hija Gloria Elena Delgado Nevares fuera de esta Isla de Puerto Rico sin previa autorización de este Tribunal, y le advierte que será castigada por desacato de no obedecer esta orden." (Paréntesis nuestro.)

El 13 de septiembre de 1943 el demandado radicó una moción "sobre modificación de una orden sobre alimentos" en la cual, después de referirse a las actuaciones anteriormente expuestas, alegó lo siguiente:

"Que hace más de dos semanas el demandado ha estado tratando de localizar a su hija menor con el fin de dar cumplimiento a la referida orden de la Corte, así como con el propósito de verla y exigir el cumplimiento por parte de la demandante, de la orden de 27 de noviembre de 1942 antes mencionada y según la información y creencia del demandado la demandante primeramente se mudó al pueblo de Guaynabo y recientemente se ha ausentado de la Isla de

Puerto Rico para los Estados Unidos llevándose consigo a la mencionada menor, sin ponerlo previamente en conocimiento del demandado, quien en esta fecha ignora su paradero.

"Que esta actuación de la demandante es·un claro desacato a la orden de esta Corte y ha sido realizada por la demandante con el fin de violar los derechos del demandado.

"Por todo lo que el demandado ahora solicita de la Corte que, hasta tanto dicha menor regrese a la Isla de Puerto Rico, se le releve del cumplimiento de la mencionada orden sobre pensión alimenticia."

La demandante, por su abogado, se opuso a esta moción, alegando, en lo pertinente:

"Que la demandante se vió obligada y movida por las circunstancias especiales de hacer un viaje, y separar a su hija de su padre, la que se encuentra con ella, en sitio seguro, protegida y defendida aun más que si lo estuviera en Puerto Rico; porque el demandado obtenía la criaturita a la una de la tarde y muchas veces se presentó a la casa de la demandante con ella a las nueve, diez y hasta doce de la noche; que el viaje en cuestión fué realizado por la demandante con motivo de su salud y la de la niña, la que venía hacía unos días sufriendo de pertinaz dolencia, frecuentes catarros y expuesta a pescar una pulmonía; que si no hubiera sido por la oportunidad, ventaja e imperiosidad de tal viaje, la demandante bajo ninguna circunstancia hubiera realizado tal acto, pues tiene un alto concepto de la justicia y entiende que es donde a tiempo debe todo ciudadano acudir para dirimir toda controversia."

Solicitó además que se aumentara la pensión alimenticia a $125 mensuales.

Oídas las partes la corte inferior dictó resolución desestimando la moción del demandado. Arguye en este recurso que "la sentencia es contraria a derecho . . . inoficiosa ya que por sus términos no es susceptible de ser cumplimentada y . . . coja, al sugerir y no dar el oportuno remedio de equidad." Aun cuando el apelante divide y subdivide las cuestiones de derecho que plantea en distintos "géneros", "especies" y "escolios", la única cuestión a resolver, como hemos dicho, es si el demandado está obligado o no a conti-

nuar suministrando alimentos a su hija de dos años de edad por el hecho de haber sido ella trasladada a Nueva York por la demandante en violación de una orden de la corte.

■ La corte inferior resolvió que no estando el caso provisto en los artículos 149 y 150 del Código Civil(1) y estando el padre obligado a dar alimentos a su hija, a virtud de los artículos 143 y 153 del mismo cuerpo legal, dicha obligación "existió y subsistió hubiera habido o no la estipulación" de las partes pues con ella sólo se evitó que la corte tuviera que investigar los ingresos del padre y las necesidades de la alimentista para determinar la cuantía de la pensión. Se negó, por tanto, a aplicar la doctrina establecida por la jurisprudencia del Continente al efecto de que si uno de los cónyuges en violación de un convenio celebrado con el otro traslada al hijo menor de edad a otro Estado, privando así al otro cónyuge, en contravención de lo acordado, de sostener relaciones de familia con su hijo, tal infracción, haya sido o no el convenio aprobado por la corte, releva al cónyuge obligado de continuar pasando los alimentos para su hijo. Véase la monografía en 105 A.L.R. 901.

Somos de opinión que la corte inferior no erró al resolver la cuestión planteada. La estipulación de las partes sólo

---

(1)"Artículo 149.—La obligación de suministrar alimentos cesa con la muerte del obligado, aunque los prestase en cumplimiento de una sentencia firme.

"No es renunciable ni trasmisible a un tercero el derecho a los alimentos. Tampoco pueden compensarse con lo que el alimentista deba al que ha de prestarlos."

"Artículo 150.—Cesará también la obligación de dar alimentos:

"1. Por muerte del alimentista.

"2. Cuando la fortuna del obligado a darlos se hubiere reducido hasta el extremo de no poder satisfacerlos sin desatender sus propias necesidades y las de su familia.

"3. Cuando el alimentista pueda ejercer un oficio, profesión o industria, o haya adquirido un destino o mejorado de fortuna, de suerte que no le sea necesaria la pensión alimenticia para su subsistencia.

"4. Cuando el alimentista, sea o no heredero forzoso, hubiese cometido alguna falta de las que dan lugar a la desheredación.

"5. Cuando el alimentista sea el descendiente del obligado a dar alimentos, y la necesidad de aquél provenga de mala conducta o de falta de aplicación al trabajo, mientras subsista esta causa."

tuvo el alcance de fijar la cuantía de la pensión alimenticia que el demandado se comprometió a pasarle a su hija. No está predicada en la condición, ni podía estarlo, de que la demandante permitiera al demandado sostener relaciones de familia con su hija. Estas relaciones fueron determinadas y fijadas por la corte en un procedimiento independiente y ellas nada tenían que ver con la obligación impuesta por ley al demandado de pasar alimentos a su hija. De la infracción por la demandante de la orden de la corte prohibiéndole sacar a la niña de Puerto Rico puede hacerse responsable a la demandante en el procedimiento apropiado, pero no a su hija, menor de edad, que para nada ha intervenido con las actuaciones de su madre. No podemos sostener que una niña de dos años de edad deba sufrir las consecuencias de esas actuaciones. El Código Civil impone un deber al padre y él, adelantándose a su cumplimiento y con la aprobación de la demandante, fijó la cuantía de la pensión alimenticia que debía enviarle a su hija a la residencia de la demandante. Al dictarse la orden de la corte aprobando la estipulación dicha residencia era en San Juan. El hecho de que ahora resida en Nueva York no varía la situación legal en cuanto a la obligación del padre de pasar alimentos a su hija. Dicha obligación no ha cesado.

Arguye el apelante que la estipulación firmada por las partes es un contrato bilateral y que por tanto él no está obligado a continuar pasando los alimentos a su hija hasta tanto la demandante la traiga de nuevo a Puerto Rico. No tiene razón, a nuestro juicio. Es cierto que una estipulación obliga a las partes que la firman a su cumplimiento, empero, la que fué firmada en este caso no contenía, como hemos dicho antes, condición alguna en cuanto a que los alimentos que debía recibir la hija del demandado cesarían si la demandante no cumplía con la orden de la corte estableciendo las relaciones de familia entre el demandado y la niña. Por el contrario, la propia estipulación se basó en el reconocimiento

·adelantado que hizó el demandado del deber ·que· la ley le imponía, diciéndose: ''Que en cumplimiento de la obligación que impone al demandado el Código Civil, el demandado . . . se obliga a pasar a su menor hija . . .''.

Tampoco procedía, como pretende el apelante, que la corte inferior, al considerar su moción, privara a la demandante de la custodia de su hija y concediera dicha custodia al demandado. Ese no fué el objeto de la moción. La cuestión legal sobre privación de custodia no fué planteada por las alegaciones hechas en la moción ni solicitada por el demandado. Si procede o no plantearse dicha petición a virtud de ·una moción o si requiere los trámites de un juicio ordinario es ·cuestión que no tenemos ante nuestra consideración ahora y sobre la cual no expresamos opinión. *Cf. Cabassa* v. *Bravo,* 27 D.P.R. 940,·943.

*Debe confirmarse la resolución apelada.*