ENRIQUETA RODRÍGUEZ, como madre con patria potestad de su menor hijo ERIVÁN MORALES RODRÍGUEZ, demandante y apelada, *v.* PORFIRIO MORALES ASENCIO, demandado y apelante.

Núm. 10223.—*Sometido:* Noviembre 9, 1950. *Resuelto:* Enero 19, 1951.

*Arturo Ortiz Toro* y *A. Ramírez Silva,* abogados del apelante; *Gutiérrez, Saldaña, Sánchez & Trías,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 15 de junio de 1939 Enriqueta Rodríguez, como madre con patria potestad sobre su menor hijo Eriván Morales Rodríguez, radicó ante la Corte de Distrito de San Juan demanda contra Porfirio Morales Asencio alegando, en síntesis, que el referido menor era hijo legítimo de ambos, habido en su matrimonio que quedó disuelto en el mes de octubre de

1937; que desde la fecha del divorcio el demandado pasaba a la demandante para la alimentación de dicho menor la cantidad de $20 mensuales, la que era insuficiente para atender las necesidades del niño; que el demandado tenía entradas mensuales de $250 y estaba en condiciones de pasar a su hijo $75 mensuales para su alimentación. Terminaba suplicando que se dictara sentencia aumentando la pensión alimenticia de la cantidad de $20 a la de $75 mensuales.

Contestó el demandado negando las alegaciones esenciales de la demanda y planteando varias defensas especiales que es innecesario enumerar aquí. Como materia nueva de defensa, entre otras, alegó que el demandado y la demandante luego de estudiar las necesidades del menor, convinieron en que el primero le suministraría indefinidamente a la demandante la suma de $20 mensuales para la alimentación de su hijo, considerando que la misma era suficiente para sostenerlo en buenas condiciones.

El demandado, al contestar la demanda, radicó moción de traslado de la acción para ante la Corte de Distrito de Mayagüez. Declarada sin lugar dicha moción interpuso apelación para ante este Tribunal contra la resolución denegatoria del traslado. El 8 de diciembre de 1939 este Tribunal revocó dicha resolución y devolvió el caso a la Corte de Distrito de San Juan para ulteriores procedimientos. *Rodríguez v. Morales*, 55 D.P.R. 746.[1] Ni la demandante ni el demandado realizaron gestión ulterior alguna en la acción desde que este Tribunal devolvió el caso a dicha corte en la indicada fecha.

El 17 de enero de 1949 pidió la demandante al Tribunal del Distrito Judicial de San Juan que dictara una orden para que el expediente del caso fuera remitido a la Corte de Distrito de Mayagüez, a tenor con lo resuelto por este

---

[1] Es innecesario hacer mención a procedimientos seguidos en la Corte de Distrito de San Juan mientras se sustanciaba la apelación contra la resolución denegatoria del traslado, pues los mismos carecían de validez y quedaron sin efecto como consecuencia de la revocación por este Tribunal de la resolución denegatoria del traslado.

Tribunal en *Rodríguez* v. *Morales*, supra. Así se hizo el 14 de febrero de 1949. El 25 del mismo mes la demandante solicitó de la Corte de Distrito de Mayagüez que previo los trámites de ley dictara sentencia declarando con lugar la demanda y condenando al demandado a pasar por vía de alimentos a su hijo menor la cantidad de $75 mensuales, las costas y los honorarios del abogado de la demandante, con los demás pronunciamientos procedentes en derecho. El 23 de mayo del mismo año el demandado solicitó de dicho tribunal por moción el sobreseimiento y archivo de la acción, que fué declarada sin lugar, así como la reconsideración de la misma, celebrándose el juicio correspondiente en 4 de agosto de 1949. Como consecuencia, en 15 de septiembre siguiente dictó sentencia aumentando la pensión alimenticia del aludido menor de la suma de $20 a la de $60 mensuales, la cual ordenó satisfacer por mensualidades adelantadas desde la fecha de la sentencia; y condenó también al demandado a pagar a la demandante, para beneficio de su hijo, la suma de $2,350 por concepto de mensualidades para alimentos dejadas de satisfacer desde el mes de diciembre de 1939 hasta la fecha de la sentencia, a razón de la suma de $20 mensuales que había sido previamente convenida entre la demandante y el demandado. Se condenó a éste al pago de las costas y de la suma de $300 para honorarios de abogado.

No conforme el demandado con el pronunciamiento de la sentencia que le condenó al pago de las pensiones alimenticias por él dejadas de satisfacer desde diciembre de 1939, apeló para ante este Tribunal únicamente en cuanto a dicho extremo.

En su señalamiento de errores sostiene el apelante, en primer lugar, que la corte inferior cometió error al declarar sin lugar la moción de archivo y sobreseimiento por él presentada en la Corte de Distrito de Mayagüez. Invoca la Regla 3 de las Reglas para las Cortes de Distrito. [2]

---

[2] Dicha Regla provee:

"Al llamarse el calendario en cada término regular, la Corte, *motu proprio* y previa notificación de, por lo menos, cinco días a las partes,

Dicha Regla sin embargo, por sus propios términos, es aplicable a aquellas acciones civiles de carácter ordinario sujetas a calendario regular y no a aquellos procedimientos especiales que no tienen que esperar calendario general para su señalamiento. Pero, como bien indican los abogados de la apelada en su alegato, aun en el supuesto de que dicha Regla fuera de aplicación a acciones de la naturaleza de la presente, no existió en este caso notificación alguna a las partes, según expresamente requiere dicha Regla, lo cual es indispensable para que el tribunal a su propia instancia pudiera ordenar el archivo de dicha acción. *West India Oil Co.* v. *Tobacco Trade Journal*, 52 D.P.R. 49; *Portilla* v. *Porto Rico Iron Works*, 52 D.P.R. 180. Por último la Regla 3 de referencia, que no es otra cosa que una reglamentación del ejercicio del poder inherente de los tribunales para ordenar el archivo de una acción por falta de gestión, no tiene carácter mandatorio y requiere, para el ejercicio de dicha facultad, que el tribunal cumpla con el requisito en ella establecido cuando, por negligencia de las partes, no se hubiere hecho progreso alguno por un año o más. Éste es el de la notificación previa de cinco días a las partes. Este requisito no fué cumplido, ni podía serlo por la Corte de Distrito de Mayagüez a la cual se trasladó la acción el 14 de febrero de 1949.

En Puerto Rico, contrario a lo que ocurre en otras jurisdicciones, no existe estatuto alguno que disponga la caducidad de una acción por abandono después de radicada la demanda. En California, por ejemplo, el artículo 583 del Código de Enjuiciamiento Civil, incorporado a dicho cuerpo legal en 1905, faculta a las cortes, discrecionalmente y a moción del demandado, a declarar desistida o abandonada una demanda si no ha ido a juicio dentro de dos años después

podrá ordenar la desestimación y el archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiere hecho progreso alguno y anotádose en el récord, por un período de un año o más, debido a la negligencia de las partes; a menos que esta tardanza se justifique oportunamente a satisfacción del Tribunal."

de radicada; disponiendo asimismo que la corte deberá declarar desistida toda demanda que no ha ido a juicio dentro de cinco años a partir de la fecha de su radicación. No existiendo disposición alguna en ley que haga mandatorio el archivo por abandono de las acciones pendientes, y no habiéndose cumplido el requisito previo que establece la Regla 3 de las Reglas para las Cortes de Distrito, no podemos convenir con el apelante en que la corte inferior cometió error al no decretar el archivo de la acción.

■■ Por el segundo señalamiento sostiene el apelante que fué error de la corte sentenciadora condenar al demandado a pagar pensiones alimenticias atrasadas a razón de $20 mensuales por el período de diciembre de 1939 a septiembre de 1949, a base de una solicitud sobre aumento de pensión alimenticia. Cita en su apoyo el caso de *Benítez* v. *Benítez*, 64 D.P.R. 756, sosteniendo que para reclamar pensiones atrasadas la acción procedente es la ordinaria en cobro de dinero, ya que no puede concebirse la concesión de pensiones vencidas y no pagadas dentro del procedimiento sumario utilizado por la demandante. Sugiere, además, que la moción de la demandante de 17 de enero de 1949 solicitando del Tribunal del Distrito de San Juan el traslado de la acción a la Corte de Distrito de Mayagüez equivale a la demanda de alimentos de que habla el artículo 147 de nuestro Código Civil.([3]) Pero la dificultad con el argumento del apelante es que si bien la demanda radicada el 14 de junio de 1939 lo fué para aumentar la pensión de $20 mensuales previamente convenida entre las partes a la suma de $75, es lo cierto que dicha demanda constituye una reclamación para que la pensión alimenticia se fijara en $75 desde la fecha en que se interpuso; y aunque el aumento decretado en 15 de

---

([3]) Dicho artículo provee:

"La obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda.

"Se verificará el pago por meses anticipados, y cuando fallezca el alimentista, sus herederos no serán obligados a devolver lo que éste hubiese recibido anticipadamente."

septiembre de 1949 a $60 fué efectivo desde esta última fecha, el tribunal inferior tenía facultad para ordenar que cualesquiera pensiones alimenticias dejadas de satisfacer por el demandado durante el tiempo que estuvo pendiente la acción, fuesen por éste satisfechas. Al así hacerlo y tomar como medida para ello la suma de $20 mensuales previamente convenida entre la demandante y el demandado por convenio extrajudicial, dió su aprobación a éste, incorporando a su decreto judicial dicho convenio. La corte inferior actuó correctamente pues la demanda radicada en 14 de junio de 1939 fué la primera gestión judicial de la demandante para reclamar alimentos para el menor, y éste tenía derecho a que se le abonaran desde la fecha de la interposición de la demanda. Como existía el acuerdo previo extrajudicial fijando dicha suma en $20 mensuales, a éste se atuvo la corte, dándole sanción judicial, y ordenando el pago de las pensiones que bajo el mismo había dejado de satisfacer el demandado.

Es innegable que de acuerdo con nuestras decisiones en *Benítez* v. *Benítez*, supra, y *Nevares* v. *Delgado*, 63 D.P.R. 644, pudo haberse incoado una acción civil ordinaria en cobro de dinero para obtener el pago de las pensiones alimenticias dejadas de satisfacer por el demandado. Pero nada hay en dichas decisiones, ni en la ley, que impida a un tribunal —iniciada una acción para el aumento de pensión alimenticia— disponer incidentalmente el pago de aquellas pensiones que después de iniciado el procedimiento haya dejado de satisfacer el demandado, bien si la pensión cuyo aumento se solicita ha sido fijada previamente por decreto judicial o bien si ha sido convenida extrajudicialmente antes, como en este caso. Lo propio es que el mismo tribunal que ventila el derecho de un menor a mayores alimentos, haga efectivo el derecho de ese menor a las pensiones alimenticias no satisfechas desde que se inició el procedimiento judicial, sin imponerle el oneroso trámite de tener que acudir necesariamente a un pleito plenario. Resolver lo contrario sería alentar, contrario a la tendencia procesal moderna, multiplicidad de

acciones entre las mismas partes por meros tecnicismos de procedimientos que no justifican, en esta clase de acciones, que continúe perjudicándose un menor a quien su padre dejó de proporcionar, después de haber reconocido su necesidad a los alimentos, la suma convenida para atender a tales necesidades. El segundo error señalado no fué cometido.

■ Tampoco el tercero, pues el artículo 1866 del Código Civil, invocado por el apelante, que dispone que entre otras, la acción para exigir el cumplimiento de la obligación de pagar pensiones alimenticias prescribe por el transcurso de cinco años, no es de aplicación al caso de autos, pues las pensiones dejadas de satisfacer por el demandado lo fueron después de iniciada la acción de la demandante.

*La sentencia será confirmada.*

El Juez Asociado Sr. Snyder no intervino.

El Juez Asociado Sr. Marrero se inhibió.